No. 3518

Second Circuit

FISHER v. JOHNSON

(July 1, 1929. Opinion and Decree.)

Thornton, Gist & Richey, of Alexandria, attorneys for plaintiff, appellant.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellee.

REYNOLDS, J. Plaintiff sued to be decreed owner and restored to the possession of certain movable property alleged to be worth $83.45, and for $500 as damages for the illegal detention thereof, and, in aid of the action, obtained a writ of sequestration and had the property impounded.

Defendant admitted the ownership and detention and claimed to have a landlord's right of pledge on the property, and reconvened for judgment in the sum of $644, with legal interest thereon from June 1, 1928, and for recognition of his right of pledge.

He alleged that:

"The said Fisher brought with him from Texas a Miss Walsh who was employed by the said G. V. Fisher and that the said Fisher represented to plaintiff in reconvention that he wished to establish an office in his home for a period of six months and that he wished to hire the wife of plaintiff in reconvention to work in conjunction with the said Miss Walsh in the conduct and furtherance of the said business of the said G. V. Fisher and that at the end of six months he intended to enlarge his business and would be in the city of Alexandria in the conduct of said business for a period of at least two years * * * that at the time he was renting and occupying a small dwelling for which he was paying the price of $30.00 per month * * * and upon the request and inducement of the said Fisher a large dwelling was rented at a monthly rental of $55.00 * * * solely because the said G. V. Fisher agreed that for a period of

six months he would pay the difference in rent * * * and that upon the representations made by said G. V. Fisher a contract was entered into by and between him and plaintiff in reconvention by which a larger dwelling would be rented on which the said G. V. Fisher was to pay the sum of $25.00 per month for a period of six months, and that said Miss Walsh would be given quarters in the said dwelling, and that the same was to be furnished with adequate furniture and fixtures, as well as to fit out an office for the said G. V. Fisher, all of which was done on the express understanding that the said G. V. Fisher would retain an office in said dwelling for a period of six months, and would retain quarters for his employee in the said dwelling for a period of two years, for which a rent would be paid, and would employ the wife of plaintiff in reconvention in the conduct of said business * * * that he purchased a lot of furniture for which he obligated himself to pay the sum of $399.00, that he moved into the said dwelling at a cost of $9.00 * * * and lost two weeks time in making said arrangements and in moving; that after the arrangement had been entered into and carried out for a period of three months the said G. V. Fisher, without any cause whatever, broke his contract, notified plaintiff in reconvention that he was going back to the state of Texas, discharged the said Miss Walsh, his employee, and refused to carry out his contract with plaintiff in reconvention * * * and left plaintiff in reconvention in a most embarrassing and humiliating position; that he was unable to pay the high rent and consequently was sued for same; that he was unable to meet the payments for the entire credit portion on the furniture and was threatened with suit therefor but finally persuaded the furniture company to take back the furniture, which it did at a great loss to plaintiff in reconvention, that his household has been upset and greatly disturbed and that his family has been humiliated and he has been forced to obtain the services of an attorney and incur attorney's fees in the sum of $200.00; all of which was brought about by the unwarranted and malicious conduct and the fraudulent actions of the said * * * and that plaintiff in reconvention had a lien and privilege on said property to secure the amount of rent and damages due by the said G. V. Fisher to plaintiff in reconvention."

And he prayed for judgment against Fisher for $644, with legal interest thereon from June 1, 1928, "and that the lien and privilege existing on the property described in the petition in favor of plaintiff in reconvention be recognized and enforced. * * * "

On these issues there was judgment rejecting plaintiff's demand at his cost and judgment in favor of defendant on his reconventional demand against plaintiff for $444, with legal interest thereon from judicial demand and with recognition of a landlord's privilege in the amount of $50 on the property sequestered.

From this judgment the plaintiff appealed.

The defendant did not appeal, nor has he answered the plaintiff's appeal.

The trial judge reduced his reasons for judgment to writing, saying:

"It was proven to the satisfaction of the court that the plaintiff came to Alexandria and represented to defendant that he would establish a business in this city and would maintain an office in the home of the defendant for not less than six months, that his employee, Miss Walsh, would room in the house of defendant for one or two years; and that upon this representation defendant was induced to move into a larger house, the plaintiff to pay the difference in the rent, or $25.00 per month. The court is satisfied that Mr. Johnson would not have gone to the expense and trouble of purchasing a lot of furniture which he did not need and would not have obligated himself for what was, to him, an exorbitant rent unless the inducements had been made to him and relied on by him. The court finds that the defendant is due the defendant $50.00 as rent for two months; and that defendant lost the sum of $56.00 in the deal for fur-

niture, as well as the cost of moving and the time lost. The court also finds that Mr. Johnson was greatly inconvenienced and annoyed and damaged by the acts of the plaintiff in abandoning the scheme and arrangements above set forth, but the court does not think that the claim for attorney's fees in the sum of $200.00 should be allowed, but that for damages sustained and the difference in rent, loss on the furniture deal, cost of moving and time lost, and the inconvenience, humiliation and worry, defendant was damaged in the sum of $444.00. * * * ''

The preponderance of the evidence establishes that plaintiff leased a room in defendant's house for six months at $25 a month and occupied and paid rent therefor only during three months. The court below only allowed him two months' rent. As he has not appealed from the judgment nor answered plaintiff's appeal, we are powerless to amend the judgment in his favor.

The damages making up the balance of the award were not, in our opinion, established with sufficient certainty to support the judgment.

"Damages must be alleged specifically and proven to the same certainty as in a direct action." Sharp vs. Buchanan, Teiss. Orl. App. Dig. 127.

In our opinion, whatever representations plaintiff made to defendant as to the probable duration of his stay in Alexandria was the expression of a mere hope or opinion on his part, and could not be made the basis of any liability on his part to defendant by reason of loss sustained by defendant in consequence of business obligations assumed by him on the faith of such representations.

The discount at which defendant's vendor repurchased part of the furniture defendant bought, and the time lost and money expended for drayage in moving from one house to the other, can hardly be deemed a loss in view of the fact that it was by purchasing the furniture and moving into the larger house he was enabled to board and lodge Miss Walsh and provide plaintiff with office room during the time they remained in Alexandria, and for which they paid him.

Defendant did not sustain any loss on account of difference in rents of the two houses, as he did not continue to occupy the larger house after plaintiff and his clerk left him.

He testified about this:

"Q. When did you move from the house, Mr. Johnson?
"A. Well, I don't remember; we were in there three months; went in there the first of March, until the first of June.
"Q. Moved out the first of June?
"A. Last of May or first of June; that's three months, isn't it?"

Therefore, as the $50 awarded him for rents was for the months of June and July, and as he did not occupy the house during these months, he was not out even this amount, for difference in rents.

No "inconvenience, humiliation and worry," as the result of plaintiff's breach of contract, were established by defendant. When asked to specify his damages he did not mention any of these among them. He testified:

"Q. You have itemized some of the items in your record for your suit for rent and the furniture that has been returned; I want to ask you if there are any other damages?
"A. Well, there were two weeks I lost from my work."

Defendant's misfortunes appear to have been the result of bad business judgment

rather than to misrepresentations on the part of plaintiff.

Plaintiff should have been decreed owner of the property sued for, and entitled to the possession thereof, subject to defendant's lessor's privilege for the $50.

Defendant did not claim damages as for a wrongful sequestration, and none were allowed him.

The judgment appealed from is affirmed in so far as it awards defendant $50 on account of rent, with legal interest thereon from judicial demand, with recognition of his lessor's privilege on the property sequestered, but in all other respects it is annulled and avoided; and it is now ordered, adjudged, and decreed that plaintiff is the owner of the property sued for and entitled to the possession thereof, subject to defendant's lessor's privilege for the amount decreed to be owing to him for rent.

The costs of the lower court to be paid by plaintiff, and those of this court by defendant.