GOLDSTEIN v. STONE

(March 24, 1930. Opinion and Decree.)

Herman L. Midlo, of New Orleans, attorney for plaintiff, appellee.

William J. Hopper, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit by a landlord against its tenant for $105, the amount of three rent notes. Defendant admitted the execution of the notes as having been given in consideration of a monthly rental under a lease beginning October 1, 1928, and terminating September 30, 1929, covering the premises No. 1713 Short street in the city of New Orleans, and admits his failure to pay the three notes sued on, given for rent for the month of July, August and September. In explanation of his failure to pay these notes he avers that the premises were uninhabitable, because of the failure of plaintiff to repair the roof, which constantly leaked, and of which fact he repeatedly notified plaintiff, who often promised to make repairs and as often failed to do so. He avers that the water from the leaking roof damaged his furniture and that, being unable to obtain any relief from his landlord, he vacated the premises on July 17, 1929, and thereafter refused to pay any more rent.

The trial court found that there had been a voluntary remission of rent to the extent of $2.50 per month, and held the defendant liable for $97.50, the full amount due under the lease, less the remission of $2.50 per month. Defendant has appealed.

The evidence convinces us that the roof leaked very badly, and that the defendant made repeated efforts to have the plaintiff repair it without avail. In fact, the plaintiff admits that the roof leaked, but contends that, as a matter of law, the defendant, by reason of the provision of article 2694 of the Civil Code, should have made the necessary repairs to the roof and deducted the cost thereof from his rent, and that, because of his failure to do so, he cannot complain. The article referred to reads as follows:

"If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable."

We do not believe that a tenant is compelled to undertake to keep his roof in repair. The article referred to gives him the privilege of making necessary repairs, but he is under no obligation to do so. In this particular case the landlord, under the express terms of its lease, had absolved itself from all repairs due lessee, "except such as may be specially noted herein, or needed to the roof," but, independent of this provision in the lease, article 2692, R. C. C. declares that:

"The lessor is bound from the very nature of the contract, and without any clause to that effect:

"1. To deliver the thing leased to the lessee.

"2. To maintain the thing in a condition such as to serve for the use for which it is hired.

"3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease."

This article has been held to compel the lessor to maintain the leased premises in a moral, as well as physical, condition, and to insure the lessee moral, as well as physical, peace. Keenan vs. Flanigan, No. 8578, Court of Appeal, Parish of Orleans, unreported, see Louisiana and Southern Digest, affirmed in Keenan vs. Flanigan, 157 La. 750, 103 So. 30.

We are of opinion that the lessee was justified in abrogating his contract of lease, and that the lessor cannot recover. However, we find that the lessee did not leave the premises until the 17th day of July and the lease cannot be considered as abrogated prior to that time. Plaintiff should have judgment for seventeen days' rent at the rate of $32.50 per month, or $18.42.

For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff from $97.50 to $18.42, and, as thus amended, it is affirmed.