### BARONNE BUILDING, INC., v. MAHONEY

---

(March 2, 1931. Opinion and Decree.)
(March 23, 1931. Rehearing Refused.)
(April 27, 1931. Writ of Certiorari and Review Refused by Supreme Court.)

---

Monroe & Lemann and J. H. Morrison, Jr., of New Orleans, attorneys for plaintiff, appellant.

Benjamin Y. Wolf, of New Orleans, attorney for defendant, appellee.

JANVIER, J. This is a suit by a landlord for rent claimed to be due by a tenant and also for the costs expended by the landlord in a previous ejectment proceeding.

The tenant, Mahoney, was occupying space in the building of plaintiff, Baronne Building, Inc., at a monthly rental of $55.

The installments due on September 1st, October 1st, November 1st, and December 1st, 1927, were not paid and the landlord instituted ejectment proceedings, electing not to act under the "acceleration" clause of the lease, which permitted it to declare all future installments due. The ejectment proceedings were fixed for trial for January 12, 1928, but, on January 11th, the day before that fixed for the trial of the rule to compel the tenant to vacate, he voluntarily abandoned the premises and the rule did not come up for trial.

On June 12, 1928, this suit was filed.

Plaintiff claims $121.90 rent for the balance alleged to be due by defendant for the period during which the premises were occupied, to-wit, from September 1, 1927, to January 11, 1928. The total amount for that period was $241.96, but, after abandoning the premises, and after repeated demands had been made on him by plaintiff, defendant paid the sum of $120.

Plaintiff also claims $16.75, the amount expended as court costs in the ejectment proceedings.

Defendant filed exception, which was directed to the claim for court costs expended in the former proceeding, and, on the trial of this matter, objected to all evidence with reference to that part of the claim, contending that, if plaintiff is entitled to recover these costs, judgment for same should have been obtained in the ejectment proceeding itself. In this we

think defendant is correct. It is true that, by voluntarily abandoning the leased property prior to the trial of the rule to compel him to vacate it, defendant rendered it unnecessary that plaintiff proceed with the trial of that rule. Nevertheless, plaintiff cannot now, except in that proceeding, obtain judgment for the costs therein expended. Were we to consider the question of defendant's liability for those costs, we would first be compelled to consider the question of whether or not defendant in the ejectment proceedings would have been compelled to vacate, had he resisted, and that is a matter with which we are now in no way concerned. Plaintiff, for the assertion of his rights with reference to those costs, must be relegated to the ejectment proceeding.

Defendant resists payment of the balance claimed for rent on the ground that, as expressed in the answer, "he is entitled to diminution of the rent in an amount in excess of the amount of rent claimed." The evidence shows, and it is not disputed, that during the period from September 1, 1927, to and including January 11, 1928, there were many days during which the landlord did not comply with its contractual obligation to furnish heat in the building and that, during that entire period, no radiators or other heating devices were provided in the premises occupied by defendant, and it must be conceded that the facts in this regard, as shown by the evidence, would have warranted the tenant in vacating the premises, had he desired to do so, and that, had he done so, the landlord could not have held him liable for the rent for the unexpired term of the lease. Purnell v. Dugue, 14 La. App. 137, 129 So. 178; Keenan v. Flanigan, 157 La. 749, 103 So. 30, 38 A.L.R. 248;

Keenan v. Legardeur, 5 La. App. 266. The question is, however, not whether the tenant could have vacated had he so elected, but whether, having elected to the contrary, he is liable for rent for the period during which he remained. He did not elect to vacate and, in fact, did not do so until after a suit to compel him to move had been filed, and even then not until the day before that suit was to have been tried.

The question seems to be well settled in this State that failure of the landlord to comply with his obligation with regard to such matters as heating, lighting, et cetera, does not justify the tenant in occupying the premises rent-free. He may follow either of two courses: abandon the premises, or, if the necessary repairs can be reasonably made, make them himself and deduct the cost from any rent due or to become due, but in any event he must pay rent for the period of actual occupancy. In Purnell v. Dugue and the two Keenan cases to which we have referred the rent had been paid in full up to the time at which the premises were vacated.

In Goldstein v. Stone, 12 La. App. 702, 127 So. 73, a landlord sued for $105, most of which represented future rent. We held that the tenant was justified in vacating the property, but that he was liable for $18.52, the amount of rent which had accrued up to the time of the abandonment.

In oral argument defendant's counsel sought to convince us that, even though his client be held liable for the amount claimed as rent during the time he occupied the property, still he should not be compelled to pay same because he has sustained, according to counsel's claim,

damage in excess of the amount due for rent.

He makes no allegation in his answer which is sufficiently definite to permit of the introduction of evidence with reference to any such damage. In fact the only allegation in the answer in this regard reads as follows:

"There were many days when the temperature was below sixty degrees on the outside and that no heat was ever furnished respondent until about one week before he vacated the premises, that although he constantly requested them to furnish heat same was not done and that by virtue of the failure to comply with the said lease he is entitled to diminution of the rent in an amount in excess of the amount of rent claimed."

The only evidence which we find in the record with reference to any damage sustained is in the testimony of one Charles J. Sulzer, to the effect that at times he saw defendant wearing an overcoat in his office and the statements of defendant to the same effect.

Mere inconvenience and discomfort do not, in our opinion, warrant a claim for damages—which the defense here seems to amount to—unless real injury or loss can be shown. In Fisher v. Johnson, 11 La. App. 314, 123 So. 433, 435, in which a tenant set up a claim for damages as an offset to the plaintiff's claim, the court said:

"Damages must be alleged specifically and proven to the same certainty as in a direct action."

In Whitlatch v. Milwee, 8 La. App. 575, which was a case in which a tenant claimed that, by reason of a leaky roof, he had been damged in an amount in excess of the amount of rent claimed by the landlord, the Court of Appeal for the Second Circuit said:

"We are impressed that defendant did not at any time during the lease seriously consider the matters which he set up in defense of this suit."

In Ouachita National Bank v. McIlhenny, 169 La. 258, 125 So. 69, the Supreme Court approved the action of the trial court in excluding evidence in support of a reconventional demand interposed by defendant to plaintiff's suit for rent because the defendant had not definitely set up the damages claimed.

We are, therefore, of the opinion that the claim for damages was not sufficiently alleged and has not been proven. In fact, the action of defendant in paying $120 on account after the ejectment proceedings had been filed, and while plaintiff was claiming $241.96, without a statement to the effect that it was tendered it in full payment, or that all rights were reserved to resist paying the balance, indicates that he had no thought of making any such defense as we now find presented.

The trial court rejected the demand of plaintiff for $16.75 court costs and, as we have said, in this we think it was correct, but on the other item the trial court's allowance of only $60.98 is erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended by increasing the amount thereof to $121.96, with interest at 8 per cent from October 1, 1927, until paid, and with 10 per cent attorney's fees on the total amount due, and for costs.