98 So.2d 308 (1957)
Joseph LACOUR, Plaintiff-Appellee,
v.
Mrs. Carrie Cannon MYER et al., Defendants-Appellants.
No. 4487.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
Kling & Poche, Gonzales, for appellants.
Miriam Attaya, Gonzales, for appellee.
TATE, Judge.
This is a suit by a tenant to cancel his lease of a camp site on the ground that his lessors had violated their warranty of affording him peaceable possession.
Defendant lessors reconvened, praying for cancellation of the lease because of certain *309 alleged lease violations by the tenant, and further praying for forfeiture to them of the camp building and other improvements placed upon the leased site by the tenant pursuant to a clause so providing should the lease be terminated because of the fault of the tenant.
Defendants appeal from judgment annulling the lease and ordering the defendants to permit the tenant to remove his camp from their premises.
Appellants-lessors again urge in this Court their claim to be declared the owner of the improvements erected upon the property by the tenant because of the latter's alleged violations of certain lease provisions, namely, (1) that the tenant should "purchase all of the soft drinks used by himself on the premises from the lessor", and (2) that the tenant should "keep the grass cut on the premises" leased.
Without extended discussion, we shall simply state that the record shows substantial compliance by the tenant with these rather ambiguous lease provisions. For instance, defendants-lessors' complaints of violations of the first provision were based upon about three proven instances when the tenant's children bought individual bottles of "pop" from a neighboring store rather than the landlords' (which the latter themselves admitted had a sign "No Minors Admitted" because alcoholic beverages were sold therein.) If the evidence could be construed so as to show a violation by tenant of a lease obligation to "keep the grass cut", as to which we are doubtful, nevertheless this evidence refers to a period after the effective abandonment of the premises by the tenant due to conduct on the part of the landlords which the District Court found amounted to a constructive eviction of the tenants, which finding is approved by us below.
For we find no error in the lower court's ordering cancellation of the lease due to the disturbance by the landlords of the tenant's peaceable possession expressly warranted by the lease and also by the general provisions of law, LSA-Civil Code, Article 2692(3). Upon serious and continued violation by the landlord of his warranty of peaceable possession, the tenant is entitled to seek a dissolution of the lease and to be relieved of an obligation to pay rent beyond the actual occupancy of the premises. LSA-Civil Code, Article 2729; Young v. Eddy, La.App. 1 Cir., 86 So.2d 243.
Although various actions on the part of the landlords indicating a quarrelsome and unduly interfering disposition on their part are alleged and partly proved, we think for purposes of this decision it is necessary only to refer to their cutting off the water supply to the tenant's camp site.
Able counsel for defendants-appellants objected to evidence of any oral agreement by the landlords to furnish water to the tenant's camp site on the ground that such evidence was an effort to vary by parol the terms of the written lease. The District Court properly overruled the objection. The lease itself was silent as to any water supply, and the evidence indicated that as to it there was an independent collateral agreement. "Parol evidence is admissible to prove an independent collateral agreement relating to the written agreement where the collateral agreement is not in conflict with the written agreement, and where the parole agreement does not contradict the writing but merely covers an additional and collateral undertaking", Brandin Slate Co. v. Fornea, La. App. 1 Cir., 183 So. 572 at page 573.
The evidence indicates that defendants furnished water pumped from a deep-well to plaintiff and defendants' other tenants for $12 per year through water lines furnished by the tenants.
When plaintiff and his family (including six small children) moved out to his camp while their town home was being moved, defendants cut the water off each night at 7 o'clock. (Defendants testified that the *310 reason for this was because the well-pump was in need of repairs.) About a year before the trial, the landlords cut the water supply to plaintiff's camp entirely off, admittedly because of a disagreement with another tenant to whose line plaintiff was connected. Following this, plaintiff ceased using his camp.
As plaintiff's testimony indicates, "there was a definite understanding" that water would be supplied to him upon his annual payment of $12, and he would never have leased the camp-site "not expecting to have water" (Tr-19). If "uninhabitability of the demised premises is the result of a wrongful act or omission on the part of the landlord, there is a constructive eviction which will warrant the tenant in vacating the premises. So, where the landlord has, expressly or impliedly, assumed the duty of furnishing heat or water, failure to do so, if continued for a material period of time, may constitute an eviction." 32 Am. Jur. 233, "Landlords and Tenants" Section 247 (Italics ours.)
In July of 1956 defendants cut off plaintiff's water supply and refused to continue to supply him unless he went to the trouble and expense of laying a new line to connect to the main water line at another point than that to which he had been connected for several years. Even though the defendants did not permanently cut off plaintiff's water supply until after expiration of a paid-up year, we are unable to hold manifestly erroneous under all the circumstances of this case (including the erratic nature of the water supply in the past) the District Court's holding that such action by the lessors constituted a constructive eviction of their tenant, especially since the co-defendant landlord Mrs. Myer admitted telling plaintiff following this disagreement that it was all right with her if plaintiff moved his camp (Tr-71), corroborating plaintiff's testimony to this effect. (Tr-11.)
While we could find no Louisiana cases concerning the express or implied warranty of a landlord to furnish water, at least two cases recognized a somewhat similar implied warranty by the landlord in the case of city office or apartment buildings to furnish adequate heat, in default of fulfilling which the tenant is justified in vacating the premises and considering the lease terminated. Baronne Building, Inc., v. Mahoney, 16 La.App. 84, 132 So. 795, Purnell v. Dugue, 14 La.App. 137, 129 So. 178. For compliance by the landlord with the implied warranty is contemplated by both parties as a requisite for the lease to serve for the use for which it is secured. See LSA-Civil Code, Article 2692(2).
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.