CULPEPPER, Judge.
Plaintiff-lessee brings this action for a declaratory judgment decreeing the existence and validity of an agricultural lease on property owned by the defendants-lessors. In their answer, defendants denied the existence of the lease. In the alternative, in the event the court finds there is a lease, defendants by reconventional demand seek judgment declaring the lease terminated by failure of plaintiff to maintain the property in good condition as required by the lease. The trial court found plaintiff did in fact have a valid lease. However, on the recon- *588 ventional demand, the court declared the lease dissolved due to plaintiff’s failure to maintain the property in good condition. Plaintiff appeals.
On appeal, plaintiff’s principal contention is that defendants’ reconventional demand for dissolution of the lease should be rejected because defendants did not put plaintiff in default for the passive breach of the lease.
The evidence shows that in early 1978 plaintiff had expressed an interest in leasing approximately 214 acres of farm land located in Natchitoches Parish owned by his grand-uncle, Claude Collins. A verbal lease agreement was reached between the parties in March of 1978. Mr. Claude Collins, who was 90 years of age at the time, directed his son, Rhese Collins, to prepare a written lease reflecting the verbal contract made with plaintiff. The lease was to be for a term of five years with yearly rentals of $600. The lease was written and it was signed by Rhese Collins as agent for Claude Collins. It was not recorded, and the original is not in evidence, but a photo copy is in the record.
Claude Collins died on December 31,1978. While the lease was still in force, plaintiff learned that the heirs of Claude Collins intended to sell the property under lease. Plaintiff attempted unsuccessfully on several occasions to obtain the original draft of the lease agreement from Rhese Collins so that he could record it. When later informed by defendants that no valid lease existed, plaintiff brought this action for a declaratory judgment decreeing the existence and enforceability of the lease.
The trial judge correctly found there was a valid lease agreement between plaintiff and Claude Collins in March of 1978. However, he found this lease was terminated by plaintiff’s failure to comply with its terms. The pertinent provision of the lease agreement reads as follows:
“The lessee agrees that the cultivation of any hay crop and maintenance of the pastures will be done in a good, husband-like manner, and he will carefully, faithfully guard and protect the said premises, buildings, gates, fences, shrubbery and all other improvements from all damage and depredation of animals. Lessee further agrees to maintain said property in a good state of repair, including all improvements thereon, including periodic seeding, bushhogging.”
Testimony introduced by defendants described a general deterioration in the condition of the land since the beginning of plaintiff’s lease. According to the defendants, much of the area leased to plaintiff is now grown over with weeds and bushes. Several fences were down or in a state of disrepair and the levee area had been weakened by erosion and potholes. Many areas, including some roads, appeared as if they had not been bushhogged for several years. The district judge found that the major consideration for the lease agreement was that stated in the provisions whereby the lessee agreed to maintain the premises in good condition. The court concluded plaintiff had failed to comply with the terms of the lease. We have no difficulty in concluding, as did the trial court, that plaintiff breached the lease agreement.
Plaintiff’s failure to do what he agreed to do under the lease agreement was a passive breach, LSA-C.C. Article 1931. Plaintiff was entitled to be put in default for this passive breach. See LSA-C.C. Article 1933 which requires a putting in default for passive breach, except in certain types of contracts not applicable here. See also Hibbert v. Mudd, 294 So.2d 518 (La. 1974) and Wilson v. Sun Oil Company, 290 So.2d 844 (La.1973) applying this rule to oil and gas leases, and Noel Estate v. Louisiana Oil Refining Corporation, 188 La. 45, 175 So. 744 (1937), and Inabnett v. Pruett, 229 So.2d 150 (La.App. 2d Cir. 1969) involving leases of buildings. We are aware that the requirement of a putting in default has been criticized as not required by the articles of the Civil Code except where damages are sought, as being unnecessary where suit is filed for dissolution, and as being vague. See the concurring opinion by Justice Barham in Hibbert v. Mudd, supra, and the discussion in Levasseur, Precis In *589 Conventional Obligations A Civil Code Analysis, pages 73-74. Nevertheless, we are bound by the cited jurisprudence in which our Supreme Court has applied the rule to leases.
The trial judge reasoned that when plaintiff filed the instant action for declaratory judgment he waived any rights he may have had to be placed in default. We pre-termit this issue. We conclude that even if the filing of this suit did not waive putting in default, clearly plaintiff’s failure to urge this defense by answer or exception to defendants’ reconventional demand did waive it.
In plaintiff’s original petition for declaratory judgment, he alleges the written lease and prays for declaratory judgment decreeing the lease “valid and enforceable ... and that there be judgment fixing and determining the rights, status and other legal relations existing between and among the parties to this litigation.” In their answer, defendants deny the existence of a lease. In the alternative and in the event the court finds a lease existed, defendants seek by reconventional demand a judgment declaring the lease dissolved for failure by plaintiff to maintain the premises in a good condition as required by the lease. In plaintiff’s answer to the reconventional demand, he made a general denial of the allegations that he had failed to maintain the premises in good condition in compliance with the lease. He did not urge by answer or by exception the defense that defendants’ reconventional demand for dissolution of the lease should be rejected for failure of defendants to put plaintiff in default for a passive breach of the lease. Actually, plaintiff did not urge this defense until he filed his appellate brief.
Although we find no case precisely in point, we conclude that even if plaintiff did not waive being put in default by filing this suit for declaratory judgment, he certainly waived it by failing to urge this defense by answer or exception to defendants’ recon-ventional demand. The issue of plaintiff’s failure to perform was clearly raised in the reconventional demand and plaintiff’s only response was to deny it on the merits.
In the somewhat similar case of Fortenberry v. Dixie Brewing Company, Inc., 368 So.2d 1240 (La.App. 4th Cir. 1979) the plaintiff beer distributor, sought a declaratory judgment that its distributorship contract with the defendant was valid and enforceable. The defendant brewer answered denying the existence of a valid contract and urging unsatisfactory performance by plaintiff as a breach of any such contract. The court found the issue of breach of the contract was properly before it under the pleadings in the suit for declaratory judgment. The issue of putting in default was not raised or discussed.
Also in the similar case of Orleans Parish School Board v. Manson, 241 La. 1029, 132 So.2d 885 (La.1961) the plaintiff sought declaratory judgment to determine whether it had a merchantable title to certain lots donated by defendant’s ancestors in title for school purposes. The defendants filed a reconventional demand for judgment declaring the rescission of the donation by reason of plaintiff’s failure to perform the requirement of the donation that the property be used for public school purposes. The Supreme Court held that the reconven-tional demand was responsive to the issues presented in the plaintiff’s petition for declaratory judgment, and thus the issue of revocation of the donation was before the court. Putting in default was not even discussed.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.