Block vs. Kearney et als.

## No. 10,806.

### SIMON BLOCK VS. EUGENIE KEARNEY ET ALS.

43 381
108 698

43 381
110 233

Engrafting a fictitious demand upon an appealable claim, thereby inflating it so a to bring it nominally within the appealable jurisdiction of this court, can not be sanctioned. An appeal in such a case will be dismissed.

A PPEAL from the Eleventh District Court for the Parish of Natchitoches. *Pierson, J.*

*Cunningham & Tucker* for Plaintiff and Appellant:

ON MOTION TO DISMISS.

A bond for devolutive appeal is sufficient [where its conditions are that appellant will prosecute his appeal with effect, or pay all such costs as may be awarded against him. C. P. 579.

The amount in dispute is the highest sum for which judgment may be rendered under the allegations and prayer of the petition. 39 An. 286.

The amount claimed in the petition is the test of jurisdiction. 35 An. 1039; 39 An 830; 32 An. 1003; 33 An. 1051.

*Chaplin, Breazeale & Chaplin* and *Scarborough & Carver* for Defendant and Appellees:

1. An appeal bond which does not bind the appellant and his surety to prosecute the appeal is defective. C. P. 579, 33 An. 422.

2. It is defective if it fails to cover costs of both courts. 33 An. 422; 28 An. 805.

3. The real amount in dispute is the test of jurisdiction. Fictitious claims made only to confer jurisdiction are ignored. 32 An. 929; 37 An. 541; 38 An. 802; 39 An. 504; 41 An. 306; 33 An. 418.

4. It is not more permissible to endeavor to confer jurisdiction by averments of fictitious values than by averments of fictitious claims. March vs. McNeely, 36 An. 288.

5. Where a notarial act of mortgage recites that a loan was made "this day," notes being taken bearing interest from date secured by mortgage, and the indebtedness being unequivocally acknowledged, the mortgagee can not prove by parole that the loan was made not that day, but a long time afterwards. Civil Code, 2276; 37 An. 204; 31 An. 240.

6. Especially when that mortgagee has executed the act as making full proof of the indebtedness, by suing out executory process without the other proof of the debt than that afforded by the act. He can not thus play fast and loose. 42 An. 522.

7. A party to a suit is not permitted to allege a state of facts contrary to and inconsistent with those set up in a former suit. The law does not permit him to falsify his own solemn judicial declarations. 37 An. 107; 31 An. 158; 33 An. 1198; 40 An. 186.

## ON MOTION TO DISMISS.

The opinion of the court was delivered by

BERMUDEZ, C. J.    The defendant and appellee, in her double capacity of widow in community and of tutrix administering the succession of her deceased husband, moves to dismiss this appeal on the main ground, that the claim is inflated, is fictitious, and whatever it may seriously be, is below the jurisdiction of this court.

The suit is one sounding in damages, and for $2191.77.

The pith of the elaborate petition in the case is, that the plaintiff' loaned one DeBlanc $1494.23, secured by mortgage on certain real estate of his, in the parish of Natchitoches, which, by reason of the recorder's clear certificate, he believed was free from all anterior mortgage, when in fact said property had been previously encumbered and the act had been recorded.

That when the plaintiff came to execute his mortgage, he ascertained the fact that the property was sold by the sheriff for $1050, the net proceeds being absorbed by the claim of the anterior mortgage creditor, which amounted in capital to $1200 exclusive of interest and charges.

That the consequence was that the plaintiff realized nothing on his claim, which amounted to $1494.23 in capital, to which interest and attorney's fees being superadded, forms an aggregate of $2191.77.

It is evident that the widow and heirs of Kearney, the delinquent recorder, are not liable for the debt due DeBlanc; but if responsible, they can only be held for the damages, or injury sustained by the plaintiff in consequence of the omission by the recorder to mention, in the certificate, the inscription of the preëxisting and preinscribed mortgage of $1200 in favor of one Givanovich.

That injury, at best, consists in his having not received, and thus lost, the amount which went to the anterior mortgage creditor, which was less than $1050, the price of adjudication, for that cred-

itor only received from the sheriff the net proceeds, amounting to. $992.50.

Had there not existed a previous mortgage this balance would have accrued to plaintiff, and his claim would have been reduced to $1199.29, but against DeBlanc.

The only amount for which the widow and heirs of Kearney could be successfully sued would be $992.50. The difference is evidently a fictitious claim superadded to inflate it so as to bring it, if possible, within the jurisdiction of this court.

It is proper to state that the property was adjudicated to the plaintiff, who can not be heard to say that it was worth more than he paid: If this were true, he would realize the benefit and thus would have no right to complain.

It is useless to cite authorities to show that in a case like this the appeal can not hold. The case must go to another jurisdiction, as is yet in time.

It is therefore ordered and decreed that the appeal herein be dismissed, with costs.