(34 South. 424.)

No. 14,713.

### BEASLEY v. GLASSELL.

(April 27, 1903.)

SUPREME COURT—JURISDICTION—AMOUNT INVOLVED—TRESPASS—BOUNDARIES.

1. Whether the suit be considered as an action in boundary or an action in damages for trespass, the Supreme Court is without jurisdiction ratione materiæ.

2. As relates to boundary, the value of the land between the line claimed by plaintiff and that claimed by defendant is not shown.

3. As relates to trespass, no attempt was made to prove that plaintiff is entitled to punitive damages. The real amount, as shown by the evidence produced at the trial, governs as a question of jurisdiction when the pleadings are not such as to satisfy the appellate court that the amount in controversy is within its jurisdiction.

(Syllabus by the Court.)

Appeal from Judicial District Court, Parish of Caddo; Alfred Dillingham Land, Judge.

Action by Matilda R. Beasley against John Glassell, Jr. Judgment for defendant, and plaintiff appeals. Dismissed.

Frank J. Looney and Charles L. Gaines, for appellant. Thigpen & Foster, for appellee.

BREAUX, J. Plaintiff claimed about five acres of land formed into an island by a bayou called "Coushatta Chute."

There is no issue of title between plaintiff and defendant.

In the year 1869 A. J. Marks and Andrew Marks were owners of a tract of land, which they divided. Thereafter plaintiff became the owner of one of the tracts and defendant of the other of the two tracts carved out of the place partitioned.

The partition line is described as beginning "at a point on the Red river, at a stone post on Red river, a distance of thirty-one chains and ninety-four links northwardly from the line dividing section nine and sixteen, T. 20, R. 14. Said point of beginning being said distance from said dividing line along the traverse of Red river, and from thence north, sixty degrees fifty-four minutes west, forty-one chains, to east bank of bayou called 'Coushatta Chute,' being a stone post; thence the said bayou to Red Bayou; and the said James Marks, Jr., by and with the consent and approbation of said Andrew J. Marks, Jr., takes as his individual property all the land belonging to said parties jointly which lies south of said described line."

The land described as the land of Andrew J. Marks, being Brierfield, belongs to John Glassell, Jr., the defendant.

The land described as belonging to John Marks, Jr., belongs to plaintiff and is called Uni.

The only question at issue really is whether the line was properly located by defendant, or whether it should run as claimed by plaintiff. In either case it makes a difference of about five acres of land, as before stated, the value of which is not alleged nor proven.

Plaintiff alleges that defendant is a trespasser on her land. Three items of damages are claimed—one for loss of rent, and the other for dispossession of the property—aggregating $320, and a third item for $1,750 punitive damages.

The judge of the district court, in a carefully written opinion, found that the action was for five acres of land, which constituted two small islands, formed by the water of Coushatta Chute, and that there was no dispute regarding the title, and that, in its last analysis, the issue related exclusively to boundary, and a difference of view by owners of adjacent tracts of land separated by the waters of two streams, both known as "Coushatta" (one the upper, more specially designated as the "Prong of Coushatta Chute" and the other, as "Coushatta Chute"). Our learned Brother in this opinion says in 1869 that Coushatta Chute had several channels, which formed "first an island containing 5.7 acres, and then two small islands, containing about five acres."

The latter is the land in dispute.

In the map made by Woodward, surveyor, for plaintiff, and filed in evidence, the northern channel is styled "Coushatta Chute," and the southern channel "Prongs." In the district court plaintiff's suit was dismissed, and her demand rejected. From this judgment plaintiff prosecutes this appeal.

On the appeal defendant moves to dismiss for want of jurisdiction ratione materiæ. Our examination into the issues with the view of disposing of this motion has resulted in convincing us that the matter in dispute does not exceed $2,000.

We are left to infer that the value of the property is considerably less than that amount. The allegation of punitive damages, which plaintiff did not attempt to prove in the district court, is referred to on appeal as the amount which should be considered in determining whether or not this court has jurisdiction. Unfortunately for plaintiff, as relates to our jurisdiction, the allegation of punitive damages is not suitable to the case. It adds nothing to the res at issue. It is not shown by the allegation or by the evidence that there was the least ground to claim punitive damages in any amount at all. We take it from the character of the suit that the difference was about a dividing line, and that there was nothing about this difference to give rise to a claim for punitive damages; nothing of a personal character suggesting right to punitive damages.

The court cannot find the existence of a jurisdictional fact in the mere allegation that plaintiff is entitled to a large amount for punitive damages as there is nothing in the suit which can lead to the inference that the allegation is well founded.

Real, and not fictitious, amounts, is the test of jurisdiction. Wilkins v. Gantt, 32 La. Ann. 929; Pinckney v. Wolf, 41 La. Ann. 306, 6 South. 27; Block v. Kearney et al., 43 La. Ann. 381, 8 South. 916.

The amount claimed for punitive damages is out of all proportion to the issues presented, viz., ownership of five acres of land, value not alleged; damages for loss of rent, $120, of the possession of which plaintiff avers she was deprived about three years, $200; total, $320. The balance is $1,750 for punitive damages, although it is not shown by the testimony that personal wrong was committed. The question involves the correct location of a boundary. The history of the case does not show the least incident which could give rise to punitive damages for so large an amount, or for any punitive damages at all. We leave out of consideration all other damages claimed as not presenting issues to be considered at this time.

Here the real amount at issue falls far below the lower limit of our jurisdiction. The jurisdiction depends upon the real issue, and not upon fictitious claims for punitive damages.

To the proposition advanced by plaintiff that the suit is properly one for trespass, and not an action in boundary, we can only say that, even in an action for trespass, the mere allegation that plaintiff is entitled to punitive damages for having assumed possession of a small strip of land of no alleged value, under the circumstances here, would not sustain jurisdiction on appeal, requiring a real value to be shown above the court's lower limit to sustain jurisdiction.

Plaintiff's further contention is that this was necessarily a suit for trespass, because no other could be brought under article of the Civ. Code, art. 828, which reads:

"When two estates are separated by a public road or by a water course, which serves as a common limit, the action of boundary cannot be sustained in relation to them, unless the road or water course has experienced some change in its situation."

Without passing upon the question whether the action was for trespass or to fix a boundary in determining the question of jurisdiction, we will state that an action of boundary may be sustained to determine which of the streams is the boundary between two estates—whether Coushatta Chute north, or Coushatta Chute south, or Coushatta Chute prong—and this, we understand, was the issue. In any event, whether this suit is for trespass, or to fix a boundary, this court is without jurisdiction ratione materiæ.

We think the appeal should be dismissed.

For the reasons assigned, it is dismissed.

BLANCHARD, J., takes no part, not having been present at the consultation.