HAWTHORNE, Justice.
Plaintiffs instituted this suit to recover damages in the sum of $4000 against the Town of Ruston, Louisiana, caused by an alleged trespass upon two lots of ground owned by the petitioners and situated in the town. It is alleged in the petition that the officers, agents, and employees of the town to facilitate the distribution and sale of electric current .by the town entered upon petitioners’ property without permission or authority and wantonly and negligently sawed, cut and stripped off the limbs on one side of nine large shade trees located thereon; that as a result of the trespass the value of the property upon which these trees are situated has been lessened by the sum of $2000, and that one of the petitioners as a result of the trespass suffered and has continued to suffer distress, mental pain, and anguish, for which she should be compensated in the sum of $2000.
As a defense the town pleaded that an emergency had been created by the storm of September 19, 1947, and that in order to restore current to the citizens and inhabitants of Ruston the limbs which were interfering with certain electric lines had to be removed.
There was judgment for the defendant in the district court dismissing plaintiffs’ suit, and the plaintiffs have appealed.
In brief filed in this court as well as in argument appellants concede that the town is not liable for the limbs which were cut due to the emergency, but they contend that other limbs were removed which it was not necessary to remove because of the emergency, and that they are entitled to damages for the removal of these limbs.
The only proof in the record of the actual amount of damages suffered by these plaintiffs is the testimony of one of them that the property was damaged in the sum of $2000, and that this witness had sustained $2000 damages in "tears”. There is no. proof whatsoever of the decreased value of the lots or property because of the alleged act of the defendant.
Due to the nature of the case as disclosed by the record, an award in plaintiffs’ favor could not exceed our minimum jurisdictional amount of $2000, and under such circumstances it is well settled in the jurisprudence of this state that a plaintiff’s allegations as to the amount in dispute will not control in determining the appellate jurisdiction of this court. Bensel v. Kuhlman, 154 La. 150, 97 So. 347; Guidry v. Breaux, 158 La. 1002, 105 So. 43; Trahan *675 v. Breaux, 212 La. 459, 32 So.2d 845; Nash v. Curette, 218 La. 789, 51 So.2d 71.
For the reasons assigned, this case is ordered transferred to1 the Court of Appeal, Second Circuit, provided that the record shall be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. The appellants are to pay the costs of this appeal to the Supreme Court; all other costs shall await the final disposition of the case.