TATE, Judge.
This is a companion suit to Breaux v. City of Sulphur, La.App., 85 So.2d 723. It arises from the alleged illegal trespass by the City of Sulphur in laying a sewer line on property, the fee title to which is in plaintiff Gallett. The City appeals from judgment in favor of Gallett in the amount of $150 for damages due to the illegal trespass on his land. Gallett has not answered the appeal. (The claim against co-defendants Thelma A. Mitchell Simon et al., contractors, was settled by amicable compromise in advance of trial.)
The facts, virtually undisputed and pre-ponderately proved by the record, show: At the direction of the City the contractor dug a ditch and laid a sewer pipe 66 feet across the front of Gallett’s land in land subject to a highway right-of-way servitude. A similar trench and sewer line was constructed 2-3’ within Gallett’s land and along the full length (225') of his northern boundary, in a strip subject to a predial servitude of passage in favor of the owner of property east of plaintiff’s land, upon which a private road was constructed by the latter. No permission was secured by the City from Gallett before so doing. (Apparently, the latter sewer line was so laid through surveying error, and the former under the impression that the municipality had the power to do so in land subject to the right-of-way dedicated for road purposes.)
We have been favored with learned briefs, indicating diligent and able research, concerning whether the municipal sewer system was a proprietary or a governmental function, and whether the distinction is material for purposes of finding the municipality liable herein. But in our view, this matter is governed by Art. 1, § 2, La.Const. of 1921, LSA, which provides:
“No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not he taken or damaged except for public purposes and after just and adequate compensation is paid." (Italics ours.)
Essentially the allegations of the petition and the proof are to the effect that without permission of the plaintiff property owner, a sewer line was laid across between 200-300 feet of his property, and certain damages were caused his property thereby. That the laying of a sewer line across an individuals’ property amounts to a “taking” or a “damaging” within the constitutional prohibition is self-evident, and all the more readily seen when it is realized that this prohibition extends even to situations where use of a highway servitude denies or impedes access to the landowner’s property by lowering the grade or otherwise, State v. Dowling, 205 La. 1061, 18 So.2d 616; State ex rel. Gebelin v. Department of Highways, 200 La. 409, 8 So.2d 71; Britt v. City of Shreveport, La.App., 83 So.2d 476.
Without considering the alleged damages sustained by laying the sewer line *723 over the portion of plaintiff’s land subject to the right-of-way for public road purposes within the municipality, or the alleged absence or existence of a right in the municipality to do so, we find the award of $150 damages for laying at least 225 feet of sewer line across the northern part of plaintiff’s land not manifestly erroneous.
For the above and foregoing reason, the judgment of the District Court herein is affirmed; defendant-appellant, being a public body, is relieved of the costs of this appeal.
Affirmed.