TATE, Judge.
This suit arises from the alleged illegal, trespass of the City of Sulphur in laying a sewer line on the property belonging to plaintiff .herein, including over a predial servitude in his favor, and for resulting damages. This. suit is a companion suit to Gallett v. City of Sulphur, La.App., 85 So.2d 721. From judgment in favor of plaintiff in total amount of $942, the City of Sulphur has appealed. Plaintiffs have answered this appeal, seeking an increase in the award.
At the outset this Court must take notice of its own motion that it apparently lacks appellate jurisdiction, since the amount in dispute in this non-personal injury suit exceeds $2,000; Art. 7, § 10, La. Const, of 1921, LSA.
By amended petition, the amount demanded by plaintiff is itemized in article 27 as follows:
"(a) Estimated cost to rebuild, including the replacing .of the. foundation, •£ the private road.$ 800.00
*‘(b) Estimated cost of shell to adequately cover, said private road. 400.00

"(d) Estimated cost to re-dig drainage ditches on each side of road and correct stoppage thereof. 200.00
* * * , * * « * * *
"(i) Inconvenience and annoyance caused by being deprived of use of private road for approximately .15 days. 250.00
"(j) Unlawful invasion and trespass on private property and rights of petitioner in laying the said sewer line. 1000.00
"(k) Mental distress, humiliation and vexation in using force and intimidation to enter petitioner’s private road against his protests and committing depredations thereon as alleged in supplemental petition herein. 1000.00
"(Z) Pees of attorney for bringing and prosecuting this action, which petitioner alleges as an item of exemplary damages to which he is entitled on the facts alleged in this suit. $1000.00
"Total of above damages. $4775.00”
The District Court awarded judgment for: (1) $692, a contractor’s estimate of the cost of returning the private road to its condition before the alleged trespass; and (2) for $250 for illegal trespass. The first item apparently included items a, b, and d, above; the second item was an award for item j above. In the ansswer to the appeal, appellee Breaux prays that the damages for unlawful trespass be raised from $250 to $1,000, and that in addition appellee be awarded the items of damage set forth above as i, k, and l. — that is, prays for $3,000 in addition to the amount already awarded.
In an able effort, in response to the suggestion from the bench that this Court may lack appellate jurisdiction, counsel for appellant has filed a supplementary brief, urging that the Court of Appeal can accept jurisdiction even in a suit demanding in excess of our appellate limit .of $2,000, where it is apparent that the alleged damages are greatly exaggerated and inflated, and that the true amount is well within its jurisdiction, citing Givens v. Town of Ruston, 219 La. 672, 53 So.2d 833, appeal transferred, La.App., 55 So.2d 289; Bensel v. Kuhlman, 154 La. 150, 97 So. 347; Beasley v. Glassell, 110 La. 230, 34 So. 434; Greco v. Live Oak Properties, Inc., La.App., 1 So.2d 841; and Turner v. Charlton, La.App., 1 Cir., 197 So. 187.
*725 However, punitive damages may be recovered when the trespass is shown to be intentional or willful or wanton, Nickerson v. Allen Brothers, 110 La. 194, 34 So. 410, see also, Grandeson v. International Harvester Credit Corporation, 223 La. 504, 66 So.2d 317, and La.App., 61 So.2d 550.
Under the facts shown by this record, there is at least a substantial question as to whether or not plaintiff-appellee is entitled to punitive damages, where it is admitted that despite the plaintiff-landowner’s advance warning, at the. direction of defendant-appellant the contractor dug a ditch and laid a sewer line along almost 500 feet of a private road built and maintained by plaintiff on a predial servitude in his favor, and where there is substantial evidence in the record that an additional 166 feet of sewer line was laid across his land and his fence was cut to do so, despite his express warning in advance. There is also evidence of substantial inconvenience caused plaintiff through this alleged illegal trespass. We are therefore unable to say that the items of damages requested i, j, and k are so obviously inflated as to destroy the Supreme Court’s appellate jurisdiction.[1]
Likewise, as to the claim for attorneys fees, defendant-appellant urges with considerable effect that in accordance with Miller v. Welsh, La.App., 66 So.2d 25, and authorities cited therein, attorney’s fees in civil cases are not collectable, and the recent rule has been to disallow them where not proven in the record. But there is also jurisprudence supporting an award of attorneys’ fees as an item of damages arising from trespass, Cooper v. Cappel, 29 La.Ann. 213; and Vidrine v. Vidrine, 1 Cir., 14 La.App. 484, 130 So. 244. See also where attorneys’ fees allowed as damages in possessory action, Williams v. Harmanson, 41 La.Ann. 702, 6 So. 604; DeGraauw v. Eleazar, La.App., 1 Cir., 24 So.2d 180.
Thus we feel that we are not entitled to usurp the appellate jurisdiction of the Supreme Court by deciding these questions which go to the merits, in the guise of deciding whether we have appellate jurisdiction, where the petition demands $4,775, the answer to the appeal requests a total of $3,942, and where to determine whether these amounts demanded are excessive requires determination of substantial matters of law and of fact.
For the foregoing reasons the appeal is ordered transferred to the Honorable, the Supreme Court of Louisiana, and plaintiff is allowed 60 days from the final date of this judgment within which to perfect the appeal by filing proper transcript in said Court; otherwise the appeal shall be considered as dismissed. Since defendant-appellant is a public body, it is not assessed with the costs of this appeal. All other costs to await final determination of this cause.

. Givens v. Town of Ruston, 1951, 219 La. 672, 53 So.2d 833, where the Supreme Court refused to exercise appellate jurisdiction despite the petitioner’s demand, for $4,000 damages, is cited to us in support of the proposition that the changes requested herein are obviously exaggerated. This case involved a trespass in a windstorm emergency by the City of Rus-ton, during which nine large shade trees were allegedly damaged. There was no question therein of punitive damages to be awárdéd for willful trespass, and we do not believe the case analogous.