86 So.2d 243 (1956)
E. L. YOUNG, Plaintiff and Appellant,
v.
Robert Lee EDDY, Jr., Defendant and Appellee.
No. 4196.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
Horace R. Alexius, Jr., Covington, for appellant.
Guy L. Deano, Jr., New Orleans, for appellee.
TATE, Judge.
Plaintiff-landlord appeals from judgment dismissing his claim against a former tenant for a rent note unpaid for the term of the lease after defendant-tenant left the premises, and also for certain damages allegedly caused the premises through the acts of the tenant and his family.
Defendant-appellee moved to dismiss the appeal because the total amount demanded, including 10% attorney's fees provided in the rent note, cumulates to a total of $2,192.90, or in excess of our jurisdictional limit of $2,000, Article 7, Section 10, La.Constitution, LSA. However, as admitted in oral argument and verified by review of the record, certain items of damage are totally without proof in the record.[1] *244 Elimination of these inflated or exaggerated items reduces the demand to the true sum in controversy, which is within our appellate jurisdiction. We may therefore retain appellate jurisdiction. See: Givens v. Town of Ruston, 219 La. 672, 53 So.2d 833, appeal transferred, La.App., 55 So.2d 289; Bensel v. Kuhlman, 154 La. 150, 91 So. 347; Beasley v. Glassell, 110 La. 230, 34 So. 424; Greco v. Live Oak Properties, Inc., La.App., 1 So.2d 841; and Turner v. Charlton, La.App. 1 Cir., 197 So. 187.
The motion to dismiss the appeal is denied.
In review of the merits, no useful purpose will be served to analyze each item of damage claimed, e. g., two window glasses, three large screens, twenty-one light bulbs, 2 keys, etc. It is sufficient to say that not only is there no proof of some of these items as damages to the premises, but that we are impressed as was the District Court that rather than damaging the premises during his occupancy, defendant-tenant greatly improved same, which when initially occupied were in disorderly shape, in this large house upon which no appreciable repairs had been made during twenty years of previous occupancy by the owner, plaintiff herein.
The original lease between the parties hereto was for a three-year term of the large house known as "Rosewood" in Covington, Louisiana, at a rent of $80 per month. After sixteen months, defendant and his family left, complaining that the landlord (who lived in a small house approximately 150 feet distant) refused to repair the roof (which leaked in twelve places for fifteen months), the screens, or to give his tenants keys to the premises (claiming that burglars would damage the premises if the doors were locked), violated his tenants' privacy by entering the premises without the tenants' permission when they were away to use the telephone, to borrow a power mower, etc., and that he refused to remove his possessions from the cellars and storeroom spaces.
The District Court found as a fact that at least some of these omissions or commissions were committed by the landlord, and that the tenant left also in part because the landlord resorted to veiled threats against defendant's family (defendant being away from home at work much of the time). It held that therefore the plaintiff-landlord had breached the obligations of the lessor under Article 2692, LSA-Civil Code, to maintain the lessee in peaceable possession of the premises, and also to deliver the leased premises to the tenant.
When (as here) the lessor breaches his obligation to afford his tenant peaceable possession of the premises, the tenant is relieved of his obligation to pay rent beyond actual occupancy of the premises, and the lease is considered terminated, Henry Rose Mercantile & Mfg. Co., v. Stearns, 154 La. 946, 98 So. 429; Maggio v. Price, La. App. 1 Cir., 1 So.2d 404; Pirkle & Williams v. Shreveport Jitney Jungle, Inc., 19 La.App. 729, 140 So. 837; Pelletier v. Sutter, 10 La.App. 662, 121 So. 364. See, also, Hitt v. Herndon, 166 La. 497, 117 So. 568; Wood v. Monteleone, 118 La. 1005, 43 So. 657; Rulf v. Von Schoeler, La.App. 52 So.2d 82. See to similar effect as to the landlord's breach of obligations of repair and delivery under Article 2692, LSA-C.C., Siracusa v. Leloup, La.App. 1 Cir., 28 So.2d 406; Goldstein v. Stone, 12 La.App. 702, 127 So. 73.
For the above and foregoing reasons, the judgment of the District Court herein dismissing plaintiff's demand is affirmed; cost of this appeal and of the proceedings below to be paid by plaintiff-appellant.
Affirmed.
NOTES
[1] Among others: (a) $75 alleged in petition as cost of cleaning yard; (b) $65 claimed for fireplace repairs admitted by plaintiff to have been needed prior to defendant-tenant's occupancy; (c) Demanded cost ($75) to repair electric conduit in excess of testimony of greatest actual cost ($15); (d) Demanded cost ($120) to repair floors and ceilings and clean paint spillage in excess of greatest estimate ($65) in record.