FRUGÉ, Judge ad hoc.
This suit arises from the alleged illegal trespass of the City of Sulphur (actions as to other defendants dismissed by consent in District Court) in laying a sewer line on the property belonging to plaintiff herein, including over a predial servitude in his favor, and for resulting damages. This suit is a companion suit to Gallett v. City of Sulphur, La.App., 85 So.2d 721. From judgment in favor of plaintiff in total amount of $942, the City of Sulphur has appealed. Plaintiffs have answered this appeal, seeking an increase in the award.
By amended petition, the amount demanded by plaintiff is itemized in article 27 as follows:
“(a) Estimated cost to rebuild, including the replacing of the foundation, of the private road.$ 800.00
“(b) Estimated cost of shell to adequately cover said private road . 400.00
********* “(d) Estimated cost to re-dig drainage ditches on each side of road and correct stoppage thereof. 200.00
**.*******
“(i) Inconvenience and annoyance caused by being deprived of use of private road for approximately 15 days. 250.00
“(J) Unlawful invasion and trespass on private property and rights of petitioner in laying the said sewer line .... 1000.00
“(It) Mental distress, humiliation and vexation in using force and intimidation to enter petitioners private road against his protests and committing depredations thereon as alleged in supplemental petition herein . 1000.00
“(1) Fees of attorney for bringing and prosecuting this action, which petitioner alleges as an item of exemplary damages to which he is entitled on the facts alleged in this suit .$1000.00
Total of above damages .$4775.00“
When this .case was originally appealed to this court, we stated (Breaux v. City of Sulphur, La.App., 85 So.2d 723, 724):
"At the outset this Court must take notice of its own motion that it ap *123 parently lacks appellate jurisdiction, since the amount in dispute in this non-personal injury suit exceeds $2,000; Art. 7, § 10, La.Const, of 1921, LSA.”
We further observed that there was substantial question as to whether or not plaintiff-appellee was entitled to punitive damages as well as to claim for attorneys fees. Accordingly, we transferred the appeal to the Supreme Court of Louisiana.
The Supreme Court of Louisiana, in an opinion handed down by Justice Simon (Breaux v. Simon, 235 La. 453, 104 So.2d 168, 170) in re-transferring this case to our court, had this to say:
“It has long been the settled law in Louisiana that only compensatory damages, and not punitive damages, may be recovered in an action for tort. Spearman v. Toys Bros. Auto & Taxicab Co., 164 La. 677, 114 So. 591. * * *
“The record does not disclose any basis for attorney’s fee. On numerous occasions this Court has said that ordinarily attorney’s fees are not accessible as an item of damages unless provided for by law or by contract. The clear import of the language of the opinions is that no award of attorney’s fees can be made if not so particularly authorized. Winkler v. Ascension Bank & Trust Co., 182 La. 69, 161 So. 23; Efner v. Ketteringham, 217 La. 719, 47 So.2d 331; * * * ” (a long line of cited cases)
The above ruling by the Supreme Court had the effect of deleting all claims for damages here save and except compensatory damages.
In the companion case of Gallett v. City of Sulphur, supra [La.App., 85 So.2d 722], we disposed identical issues in saying:
“We have been favored with learned briefs, indicating diligent and able research, concerning whether the municipal sewer system was a proprietary or a governmental function, and whether the distinction is material for purposes of finding the municipality liable herein. But in our view, this matter is governed by Art. 1, § 2, La.Const. of 1921, LSA, which provides:
“ ‘No person shall be deprived of life, liberty or property, except- by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.’ (Italics ours.)
“Essentially the allegations of the petition and the proof are to the effect that without permission of the plaintiff property owner, a sewer line was laid across between 200-300 feet of his property, and certain damages were caused his property thereby. That the laying of a sewer line across an individuals’ property amounts to a ‘taking’ or -a ‘damaging’ within the constitutional prohibition is self-evident, and all the more readily seen when it is realized that this prohibition extends even to situations where use of a highway servitude denies or impedes access to the landowner’s property by lowering the grade or otherwise, State v. Dowling, 205 La. 1061, 18 So.2d 616; State ex rel. Gebelin v. Department of Highways, 200 La. 409, 8 So.2d 71; Britt v. City of Shreveport, La.App., 83 So.2d 476.
“Without considering the alleged damages sustained by laying the sewer line over the portion of plaintiff’s land subject to the right-of-way for public road purposes within the municipality, or the alleged absence or existence of a right in the municipality tó do so, we find the award of $150 damages for laying at least 225 feet of sewer line across the northern part of plaintiff’s land not manifestly erroneous.”
The district judge in discussing his finding of facts in the case, at ba r, had this to say:
*124 “The evidence discloses that a portion of the sewerage line went over the property of plaintiff Breaux without his consent and against his wishes. Breaux testified that his private road had been cut and that some 60 yards of shell had been removed; that this road was his only way of egress and ingress and that during the rainy season he would occasionally get stuck. He estimated the costs of rebuilding the road properly at $1,000.00 — $200.00 of that amount being for rebuilding a drainage ditch and $800.00 for replacing the dirt and shelling it. Carlton Moss, testifying on behalf of Breaux, stated that he was a road contractor and that upon the specifications furnished him by Breaux, it would take $692.00 to rebuild the road with dirt and shell. The Court will allow an award of $250.00 for trespass on plaintiff’s property. There were other items listed, but the Court does not find any proof of said damages in the evidence in the record. * * *
“The Court is of the opinion that an award of $942.00 is adequate and just upon the showing made by the plaintiff Breaux, the sum of $692.00 thereof being for replacing the road and $250.00 being for illegal trespass on said property by agents of the City of Sulphur.”
Our review of the record convinces us that the award of the trial court in the sum of $692 for compensatory damages is not manifestly erroneous.
For the above and foregoing reasons, the judgment of the District Court is hereby amended so as to reduce the amount of the judgment to the sum of $692, and as thus amended, affirmed.
Amended and affirmed.