SCHOTT, Chief Judge.
Defendant, Fred E. Sally, has appealed from a summary judgment in favor of plaintiff, Caroon & Black of Louisiana, Inc. for rent due under a sublease between the parties and attorneys’ fees. The issue is whether the sublessor is entitled to a summary judgment awarding rent for the period when the premises were being occupied by the sublessee where the sublessee has filed a reconventional demand for damages against the sublessor for interferring with his possession of the premises.
Plaintiff held a lease on the forty-second floor of an office building from Project Square 221. The lease was to expire on October 31, 1987, but it granted plaintiff an option to renew the lease. On February 1, 1985, plaintiff subleased a portion of the space to defendant. The sublease did not specifically grant defendant an option to renew, but it did provide that all of the provisions of the primary lease were included in the sublease “to the extent applicable and where not inconsistent with the terms and provisions of the sublease.” In May, 1985 plaintiff and Project Square amended their lease to delete the option provision. Although aware of this development, defendant took the position that he retained the option in his sublease prompting plaintiff to initiate the current proceedings against defendant in May, 1987.
Plaintiff’s original petition was for a declaratory judgment negating defendant’s claim to an option. Defendant responded with a demand for recognition of his right to option and a claim for damages based upon breach of warranty, abuse of rights and disturbance of his peaceable possession of the leased premises. Defendant vacated the premises on October 6, 1987, owing rent since August 1. In December, plaintiff filed a supplemental petition claiming *347 rent for August, September, and October and moved for a summary judgment for the unpaid rent and attorneys’ fees under the lease. The trial court awarded the amount due from August 1 until October 6 when defendant vacated the premises.
Defendant contends that plaintiff was not legally entitled to a summary judgment because he had raised affirmative defenses in his original answer and recon-ventional demand and the trial court was compelled to address these issues before deciding that he owed rent. However, even if he establishes that plaintiff breached its obligation to afford him peaceable possession of the premises he still owes rent for the period he occupied the premises. Young v. Eddy, 86 So.2d 243 (La.App. 1st Cir.1956).
When defendant first filed his answer and reconventional demand seeking a declaration that he was entitled to the option, he was still occupying the premises and plaintiff was the principal lessee of the space. But by the time the summary judgment was granted, he had vacated the premises and the principal lease had ended so that his original claim for declaratory relief was moot. All that remained was his unliquidated claim for damages. Such an unliquidated claim could not provide a basis for compensation against plaintiffs liquidated claim for rent. LSA-C.C. art. 1893.
Finally, since defendant’s claims cannot qualify as valid affirmative defenses to plaintiff’s claim for rent for the period he actually occupied the premises, Young v. Eddy, supra, his claims are more appropriately considered to be a part of a reconventional demand which was effectively severed by the trial court from the principal demand pursuant to C.C.P. art. 1038.
Having concluded that the trial court properly granted summary judgment for the rent the only remaining issue raised by defendant is whether the trial court could award attorneys’ fees without taking evidence. The record contains uncontra-dicted documentary support for fees in excess of the $1500 awarded. Furthermore, the services for which the fees were awarded were performed under the eye of the trial judge who was in an excellent position to make the award in the exercise of his sound discretion.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.