Hon. A. M. Buchanan,
Hon. T. T. Land,
Hon. A. Voorhies,
Hon. A. Duffel,
} *Associate · Justices.*

15 609
110 197

### R. S. Boyd *v.* Walter Cox.

Articles 1795 and 1796 of the Civil Code, must be construed to mean, that the assent to a proposition, in order to be binding upon the proposer, must be made at once, without any intervening separation of the parties, unless an intention, on the part of the proposer, to grant time for consideration to the opposite party, appears evident, either, 1st, from the situation of the parties, or 2ndly, from the nature of the contract.

Article 1798 C. C. is not inconsistent with Article 1796; the former refers to the case stated in the Article preceding it, where one party proposes and the other assents, without an immediate signification of dissent from the proposer :—where the conversation or correspondence terminates with the assent of the party to whom the proposition has been made. But Article 1796 refers to its own immediate preceding Article (1795) and to the state of facts of that Article—to-wit, a proposition, an assent, and an immediate signification of change of intention on the part of the proposer.

Where one partner in a commercial firm made a proposition to his co-partner, that he would either sell his own interest in the concern, on certain terms, or purchase that of such co-partner on the same terms, and the partner, to whom the proposition was made, failed to signify his assent at the time, but went off, and three days afterwards notified the proposer of his determination to purchase—*Held :* That an immediate signification of change of intention by the proposer released him from the obligation which he would have otherwise incurred, from his proposition, unless it appears from the situation of the parties, or from the nature of the contract, that it was the intention of the proposer to allow several days for reflection and decision upon his proposition.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*Ogden & Augustin,* for plaintiff. *J. D. Mayes,* for defendant and appellant.

Buchanan, J. On the 16th of March, 1858, at New Orleans, defendant made to plaintiff the following proposition :

" I will give you your account as it stands on the books, and my note for five

77

thousand dollars, at twelve months from date, for all your interest in the concern ; or I will sell to you my interest in the concern, at the same rate, and on the same terms."

The plaintiff thereupon stated, " that the price named was less than he, plaintiff, had expected *Cox*, the defendant, to offer, and that the offer on the part of *Cox* to sell, was what plaintiff had not expected, and that he was not prepared immediately to act upon it ; that to elect to purchase, would involve the necessity of plaintiff's again coming to New Orleans the ensuing season, which he wished to avoid ; and in that respect the offer was not equally favorable to both parties."

To which the defendant, *Cox*, replied "that an offer to sell or to buy on the same terms was always a fair one, in cases like ours ; that he was not disposed to change the offer he had made."

In the evening of the same day (16th March) the plaintiff called upon defendant, and asked him if he had correctly understood his proposition, and repeated it to him exactly as above set forth ; and *Cox* replied " that it was correctly understood ; that it was a matter of entire indifference to him whether he bought or sold ; and that he had no change to make, nor would he make any change in the offers he had made."

Plaintiff, taking leave of the defendant, then told him that he should probably elect to purchase his interest ; to which defendant replied, " it is very well."

On the 19th March, 1858, three days after the above recited conversations, plaintiff, being then at Natchez, telegraphed to defendant at New Orleans, in the following words : " I will buy on terms proposed.   Be down Sunday."

Defendant received this telegram on the same day, and immediately telegraphed in reply to defendant : " I withdraw my proposition."

Plaintiff contends that the proposition made on the 16th, and the assent given on the 19th of March, 1858, constitute a perfect contract ; for the specific performance of which this action is instituted.

The only point discussed by counsel in argument before this court is, whether the proposition was accepted in time to bind defendant.

The Civil Code, Article 1795, says : " The party proposing shall be presumed to continue in the intention which his proposal expressed, if, on receiving the unqualified assent of him to whom the proposition is made, he do not signify the change of his intention."

Article 1796.—" He is bound by his proposition, and the signification of his dissent will be of no avail, if the proposition be made in terms which evince a design to give the other party the right of concluding the contract by his assent ; and if that assent be given within such time, as the situation of the parties, and the nature of the contract, shall prove that it was the intention of the proposer to allow."

In our understanding of the last of the Articles quoted, the assent to the proposition must be made at once, without any intervening separation of the parties, unless an intention on the part of the proposer to grant time for consideration to the opposite party appears evident, either, 1st, from the situation of the parties, or, 2dly, from the nature of the contract.

We have not neglected to notice the Article 1798, which declares that the acceptance needs not be made by the same act, or in point of time, immediately after the proposition ; provided it be made at any time before the person who offers or promises has changed his mind, or may be reasonably presumed to have done so, it is sufficient.

This would seem at first blush to be inconsistent with the Article 1795, but is not so in fact. The Article 1798 refers to the case stated in the Article preceding (1797), where one party proposes and the other assents, without an immediate signification of dissent from the proposer : where the conversation or correspondence terminates with the assent of the party to whom the proposition has been made. But the Article 1796 refers to its own immediately preceding Article (1795), and to the state of facts of that Article, to-wit, a proposition, an assent, and an immediate signification of change of intention on the part of the proposer. And that is the case before the court. Had the telegram of plaintiff, conveying his assent to defendant, not been followed by an immediate signification of change of intention, as it was, there is no doubt that the contract would have been perfect and binding under the terms of Articles 1797 and 1798.

We are therefore to enquire, whether the evidence exhibits anything in the situation of the parties, or in the nature of the contract, which " proves," as the Code has it, that it was the intention of the proposer to allow several days for reflection and decision upon his proposition.

As to the situation of the parties. Plaintiff declares in his petition, that in his second conversation of the 16th of March, with defendant, he told the latter that he was under the necessity of going to Natchez that evening, and desired, before leaving, to know whether he correctly understood his proposition. If this allegation had been proved, perhaps it might have been inferred that plaintiff was not in a situation to have decided upon plaintiff's proposition before going to Natchez. But this allegation is negatived by the sworn answer of defendant to an interrogatory propounded to him by plaintiff, touching the truth of the allegations of the petition. Defendant answers : " *Mr. Boyd* says in his petition, that on the evening of the 16th March, he told me that he was under the necessity of going to Natchez that evening. This is not true, and I was ignorant of his whereabouts until the 19th of March, when I received a telegraphic dispatch from Natchez on that day, which I instantly replied to," &c.

As to the nature of the contract. There is nothing in the contract itself which required a delay for deliberation. The petition alleges, that a trial balance of the affairs of the partnership had been made and examined by both parties, which was indeed the basis of their negotiations. The petition, moreover, states an abundance of facts which leave no doubt upon the mind that both parties were fully informed of what it was that defendant proposed to sell, and what it was that he proposed to buy. Again, as the note which defendant proposed to take in payment of the sale was plaintiff's own note, without an endorser, it cannot be inferred, nor indeed do we understand that it is pretended, that any time was requisite for complying with the terms of the sale.

Upon a careful review of the circumstances, we have not been able to discover proof that the defendant was concluded by anything in the situation of the parties, or in the nature of the contract, from signifying to plaintiff his change of intention, when he received the assent of the latter to a proposition which he had made the latter three days previously.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that there be judgment for defendant, with costs in both courts.