(34 South. 410.)

No. 14,575.

NICKERSON et al. v. ALLEN BROS. & WADLEY, Limited.

(May 11, 1903.)

TRESPASS—EVIDENCE—DAMAGES.

1. Where, in the matter of an offer, in writing, to sell the timber on a certain tract of land, there is nothing in the situation of the parties or in the terms of the offer to justify the assumption that the party to whom the of-

fer is made is to have any unusual delay within which to accept it, and he does not accept it at all, but, after more than two years, without notice to the owner, enters upon the land, constructs rail and tram ways, and cuts and removes the timber, he is a mere trespasser, the illegality of whose proceedings is accentuated by his persistence therein after notice to desist, and he should be held liable for a full measure of actual and for exemplary damages.

(Syllabus by the Court.)

Appeal from Judicial District Court, Parish of Webster; John Thomas Watkins, Judge.

Action by Mrs. Mary A. Nickerson and others against Allen Bros. & Wadley, Limited. Judgment for plaintiffs, and defendant appeals. Affirmed.

Stewart & Stewart, for appellant. Lynn Kyle Watkins, for appellees.

### Statement of the Case.

. MONROE, J. Plaintiffs, who are the widow and heirs of James W. Nickerson, deceased, allege that the defendant corporation has trespassed upon certain land owned by them in the parish of Webster, has constructed a railway and tramways thereon, and has removed the timber therefrom, and that they have thereby sustained loss by reason of injury to the land in the sum of $100, by reason of expense incurred in attempting to stop the trespass in the sum of $100, by the removal of timber in the sum of $1,680; and they further claim $500 as punitory damages.

The defendant admits having removed a small amount of timber, but alleges that it did so with the consent of the plaintiffs, and after having purchased the same from them, through their agent, James Nickerson, at 50 cents per 1,000 feet; and it deposits in court the sum of $330.16, as the price of the timber so removed.

The evidence shows that in 1898 James Nickerson, who is one of the plaintiffs, and the son and brother of the others, had some conversation with W. G. Wadley, representing the defendant, upon the subject of the sale of the timber on the land described in the petition, with no more definite result, however, than an understanding that he would consult his co-owners. Thereafter, upon September 9, 1898, Wadley wrote to him, saying: "I think that it would be very hard to estimate your timber. I think it would be better for both of us in this instance to be bought by the thousand, which we are willing to pay you forty cents. * * * If this is satisfactory, kindly answer us." To this Nickerson replied by letter of September 26, 1898: "I have seen the heirs since I have received your letter. They did not care to sell it by the thousand but we have agreed to take fifty cents a thousand. If you can use it at that price, you can begin cutting at any time it is convenient."

This proposition was not accepted and there were no further negotiations. In the autumn of 1900, however, the defendant, without notice to the plaintiffs, began cutting the timber, and, this fact becoming known to the plaintiff, James Nickerson, in April, 1901, he notified it, by letter, to discontinue so doing, saying:

"By some mistake or misunderstanding, you have had a lot of timber cut on our land in Webster parish. * * * I was very much surprised to find that the timber had been cut because Mr. Wadley failed to accept my proposition made him and we never had any intimation from any of you that you thought you had made a trade for this timber and expected to cut any of it; and you are hereby especially notified not to cut any more timber on the above described land. We are also informed that you expected us [to accept] 50 cts. per thousand for the timber cut and will say that if you will render me a statement, at once, showing all timber cut on this land, the number of logs and total correct scale and amount placed to our credit, and, if correct, we will accept said amount for timber cut, provided you do not cut any more timber on above described land after this date. Let me hear from you without delay."

This was followed by a verbal notice to the same effect, but the defendant furnished no statement, and continued to cut the timber, and still continued to do so even after the filing of this suit.

According to the testimony, timber is sold in that section of the country at from $3.50 to $5 and $6 an acre, or, when not sold by the acre, at 50 cents per 1,000 feet. The plaintiffs owned 280 acres, and the jury, making certain deductions therefrom for an old field, etc., allowed them at the rate of $4 an acre for 210 acres, or $840. The de-

fendant has appealed, and the plaintiffs answer, claiming an increase in the amount.

## Opinion.

There was nothing in the situation of the parties or in the terms of the offer made on behalf of the plaintiffs to justify the assumption that the defendant was to be allowed two years within which to signify its acceptance of that offer, and, if it had allowed much less time to elapse before such acceptance, the plaintiffs would not have been bound thereby, but would have had the right to withdraw the offer. Civ. Code, arts. 1766, 1800, 1801, 1802, 1804; Boyd v. Cox, 15 La. Ann. 609; Peet & Co. v. Meyer, 42 La. Ann. 1034, 8 South. 534.

The offer had not, however, been accepted when, after the lapse of more than two years, without notice to the plaintiffs, the defendant entered upon their land, constructed rail and tram ways thereon, and cut and removed the timber; thereby becoming a mere trespasser, the illegality of whose proceedings has been accentuated by its persistence therein after notice from the plaintiffs, and after the filing of this suit.

The plaintiffs estimate the quantity of timber removed at 1,372,747 feet. The defendant estimates it at 698,783 feet. Taking the plaintiffs' estimate, it would be worth, at 50 cents per 1,000 feet, $686.35. The jury, in basing their award of $840 upon the acreage, have therefore been fairly liberal. And considering the evidence in the record in connection with the fact that the plaintiffs made no complaint in the lower court of the verdict, and took no appeal, we conclude that the amount awarded is sufficient for all the purposes of their demand. The judgment appealed from is therefore affirmed.