HIGGINS, Justice.
 

 The plaintiff instituted this proceeding against the administrators of the estate of J. M. Miller, to have cancelled and erased from the public records the recordation of a contract with an option to purchase, alleging that Miller had never given any notice that he intended to exercise the option as required by the contract, had made on demands under the contract, and had neither paid nor tendered any part of the stipulated purchase price, but, on the contrary, by subsequent verbal agreements between Miller and the plaintiff, the option had been revoked.
 

 The defendants denied the allegations of the plaintiff’s petition and averred that Miller had operated under the oil and gas leases covered by the contract as owner thereof, had timely exercised the option to purchase, in accordance with the provisions of the contract, and had fulfilled all obligations thereunder.
 

 There was judgment in favor of the plaintiff, as prayed for, and the defendants have appealed.
 

 On November 2, 1932, J. M. Miller and the Tholl Oil Company, Inc., entered into a written contract whereby the company' sub-leased to Miller what is known as the Logan and Crye oil and gas leases in Caddo Parish, it being agreed that Miller would operate the leases from November 2, 1932 to January 2, 1933, in consideration of his receiving 60% of the proceeds of the oil taken from the land thereunder, the company to receive the other 40% of the proceeds free of all costs and expenses. The last paragraph of the contract reads as follows:
 

 “As a further consideration for this lease, Tholl Oil Company grants to said Miller an option to purchase said leases and the equipment thereon for the sum of Twenty-Thousand Dollars ($20,000.00) payable out of forty per cent of Tholl Oil Company’s proportion of any oil or gas that may be produced from said leases, and one hundred per cent of all salvaged equipment. All other terms of said sale shall be agreed upon by the parties in the case of the exercise by said Miller of the option hereby granted. In order to exercise said option, said Miller shall give said company written notice thereof at its office in Beaumont, Texas, not less than ten days prior to the expiration of this contract.”
 

 Mr. Miller died in December, 1935, and sometime later the written contract was placed of record in Caddo Parish, whereupon the plaintiff instituted this suit to have the recordation cancelled.
 

 
 *979
 
 Mr. Charles Paggl, general manager of the plaintiff company since 1922, testified that about 45 days after the contract was entered into between the parties, he went to the property covered by the leases and discovered that Miller had removed therefrom certain materials and equipment; that thereupon, in his official capacity, he notified and informed Miller that as he had broken the contract, the company would not sell the leases to him nor permit him to operate them any longer; that it was -verbally agreed between Miller and the company -at that time that the written contract was annulled and cancelled in full; that during January, 1933, the company and Miller entered into a verbal agreement under which Miller was granted the right to operate the leases from month to month with 40% of the proceeds therefrom to be paid to the company and 60% thereof to be retained by Miller; that this arrangement continued until Miller’s death in December, 1935; that during this period of time (from January, 1933, to December, 1935) Miller never claimed any rights whatsoever under the contract, either as to the option or otherwise; that Miller made no demands under the contract nor did he tender, or pay any part of the purchase price mentioned in the option contained in the contract; and that the written contract was cancelled by the verbal agreement to that effect and the verbal understanding under which Miller operated the leases until the date of his death. Mr. Paggi’s testimony was corroborated to some extent by A. G. Tullís, also a representative of the company.
 

 The defendants objected to this line of testimony on the ground that parol evidence was not admissible to show a subsequent verbal agreement which annulled the written contract. The court overruled the objection and admitted the evidence. The ruling was correct.
 

 In the case of Parlor City Lumber Co., Inc., v. Sandel, 186 La. 982, 173 So. 737, the Court held that a subsequent verbal agreement was admissible to modify or revoke a written contract.
 

 Cheveral Miller, the son of the deceased, J. M. Miller, testified as a'witness for the defendants and under cross-examination stated that his father sold certain equipment off the property covered by the leases. ■
 

 There are several letters in the record written by Mr. Miller’s wife at his direction, in which he admits that he was 'operating the leases for the company. For instance, on July 27, 1934, he made the following statements in a letter -addressed to the company: “* * * j have some parties from Oklahoma who want to buy the Logan and Crye leases paying cash for them. How much would you be willing to sell for? You know that the leases are run down and will not pay well unless we drill some new wells and I am not in a position to drill right now. I think if you could get cash for them it would be wise to let them go. I may be able to sell the other leases for you that is if they are for sale. Please let me hear from you at once in regard to this matter. * * *”
 

 
 *981
 
 The only evidence offered by the defendants to show that there had been a written notice given by Miller to the company to exercise the option to purchase is a reference to an option contained in an undated letter said to have been sent by Miller to the company. There is nothing in the letter to identify tbe option nor to show that it was sent within the time required by the written provisions of the contract. Furthermore, this letter can not be construed as an acceptance of the option because it submits a counter proposition. Elmer v. Hart, 121 La. 537, 46 So. 619.
 

 If Miller were claiming any rights under the written contract, it is certainly difficult to reconcile the subsequent letters which he sent to the company, wherein he admitted its ownership of the leases and these letters were written quite sometime after the date he was required to exercise the option as fixed in the contract. It is also significant that Miller never recorded the contract but some one, after his death, did so.
 

 Our views are in accord with those of the trial judge that the plaintiff has proved the allegations of its petition and the defendants have failed to sustain the averments of their answer. Schleider v. Dielman et al., 44 La.Ann. 462, 10 So. 934; Nickerson et al. v. Allen Bros. & Wadley, 110 La. 194, 34 So. 410; and Krotz Springs Oil & Mineral Water Co., Ltd., v. Shirk et al., 172 La. 194, 133 So. 442.
 

 For the reasons assigned, it is ordered, - adjudged and decreed that the judgment of the district court is affirmed at the appellants’ costs.