LOTTINGER, Judge.
This is a suit on an open account wherein the plaintiff, Huey Lumber & Millwork, Inc., sued the defendant, W. A. Jackson, for the sum of $256.36, together with interest thereon at the rate of eight percent per annum from January 26, 1967, until paid, and for all costs. The defendant denied all allegations of the petition and in conjunction with his answer filed a third party demand against Jesse L. Springfield, alleging that the third party plaintiff had a contract with the third party defendant for certain construction work, and as a term of the contract, the third party plaintiff was to provide all labor and material for the construction and was to be reimbursed at the end of the contract. The third party plaintiff further alleged that the contract was completed in accordance with its provisions, but that the third party defendant had failed to reimburse for the materials purchased from the plaintiff and representing the account sued upon. The Trial Court found judgment in favor of the plaintiff and against defendant for the amount sued upon, and further found judgment in favor of the third party plaintiff and against the third party defendant for the same amount.
The ruling of the Trial Court in finding judgment in favor of the plaintiff and against the defendant has not been ap *539 pealed from and therefore is not before us. As to the judgment in favor of the third party plaintiff and against the third party defendant, the record points out that W. A. Jackson and Jesse Springfield entered into a written contract, which was handwritten by Mr. Jackson, and which in essence provided :
“This agreement made and entered this 27th day of October, 1966, by and between William W. A. Jackson, II, of legal age residing at 717 South 13th Street, East Baton Rouge, Louisiana, hereinafter designated as the contractor, and Mr. Jesse Springfield of lawful age, residing at 738 E. Buchanan Street, East Baton Rouge Parish, Baton Rouge, Louisiana, hereinafter named the owner.
ARTICLE I: The contractor and the owner do bind and obligate themselves to the full stipulations and considerations herein made to perform this contract.
ARTICLE II: The contractor agrees to provide all labor and materials necessary to add two bedrooms and one bath on the north side of the residence located at 1905 N. Ardenwood Drive, Baton Rouge, Louisiana, the bathroom to have a 5-foot steel tub, 1-china 17 x 21 Lavatory, 1-closed china toilet.
ARTICLE III: The contractor agrees to provide all labor and materials to install paneling on four existing rooms, 14 inch exterior plywood on floor, sheet-rock on ceilings, building kitchen cabinets in kitchen, close hole in floor where chimney was torn down, close hole in roof when the chimney was torn down also. Install 4 x 4 in center of the old house to strengthen floor joists. Install 14 inch sill on the north side of the house where new addition is to be installed.
Install sink in kitchen.
ARTICLE IV: The contractor further agrees that no unnecessary delay of this job will exist until completion except for time off requested at the beginning of this agreement, beginning November 7, 1966, to November 16, 1966.
ARTICLE V: For the full stipulation of this contract and the aforenamed articles, the sum of $3,433.88, payment as follows:
The owner will advance the contractor sufficient money to carry on the work, but no more than he thinks is justifiable for the performance of the work that has been done on this contract.
ARTICLE VI: For the consideration named in this contract, the contractor and the owner, their heirs, their successors and assigns, do bind and obligate themselves to full performance of this agreement.
/s/ William W. A. Jackson II: /s/ Jesse Springfield, Owner.”
The crux of the dispute seems to be that Mr. Jackson, the contractor, performed more work than was actually required under the written contract. But, this extra labor and the extra materials used in conjunction with this work, was requested by the owner, Mr. Springfield. Over and above his contractual obligations, Mr. Jackson furnished certain siding for this residence, enclosed a back porch, re-roofed a part of the house which was not required as per the contract, tore out the old windows and window frames and replaced with aluminum windows purchased by Mr. Springfield, but other labor and materials furnished by Mr. Jackson, and in some instances he even furnished the windows. He further replaced bad rafter ends and ceiling joists on the existing house. His labor was used in the installation of a new front door, and the installation of new baseboard moldings in the old part of the house. Mr. Jackson testified that he was requested by Mr. Springfield to do work which was not specified in the contract. Mr. Jackson further testified that the owner, Mr. Springfield, told him that as far as the outstanding bill for Huey Lumber Company was concerned, that he would *540 take care of that bill. Mr. Springfield denied having any knowledge of this bill until this suit, and denied ever having told Mr. Jackson that he would take care of the bill. Mr. Jackson further testified that the amount of this bill would take care of the extra work which he had done.
There is no question in our mind after having read the written contract, that a certain amount of additional work was performed by Mr. Jackson. Since Mr. Springfield signed this written contract, the law presumes that he read same, and it is presumed that he knew of the contents of the contract. It is inconceivable to us that Mr. Springfield would not have seen the extra work taking place, and knowing of the contents of the written contract, it is inconceivable that he could expect this extra work to be done without some extra cost being applied to him. Whether Mr. Springfield specifically requested this extra work be done, there is conflict in the testimony, but after seeing the extra work taking place and not objecting thereto, he acquiesced in this extra work, and must therefore bear the burden for the cost of the extra labor involved. It is quite clear in our law that where it is not required that a contract be in writing, it may be amended orally at any time. WWom, Inc. v. Grapes, 181 So.2d 289 (La.App. 4th Cir., 1966). We feel that this written contract has been amended.
The Trial Judge in his reasons for judgment concluded that since Mr. Springfield had paid for all of the materials that were used at the house, he set a pattern and therefore the Trial Judge could find no reason why Mr. Springfield should not pay the outstanding bill of Huey Lumber Company. We find that the Trial Judge was in error in his conclusion that Mr. Springfield had paid for all of the materials that were used in this construction job. Though he was in error, we do not find this to be reversible error. Mr. Jackson testified that the amount represented by the Huey Lumber Company bill would be sufficient to cover any extras which he had done on the construction job. This portion of his testimony has not been contradicted. Therefore, considering the amount of extra work that was performed by Mr. Jackson, we feel that the Trial Judge was correct in awarding judgment in favor of Mr. Jackson and against Mr. Springfield.
Therefore, for the,,above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by the appellant, Mr. Springfield.
Judgment affirmed.