251 So.2d 197 (1971)
Nelson CHRIST, Plaintiff-Appellant,
v.
Paul CHRIST and Elridge B. Christ, Defendant-Appellee.
No. 3498.
Court of Appeal of Louisiana, Third Circuit.
July 13, 1971.
Rehearing Denied August 16, 1971.
*198 A. Bruce Rozas, Mamou, for plaintiff-appellant.
Young & Burson, by J. Nilas Young, Eunice, for defendant-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
On March 18, 1966, a written contract of lease was entered into between defendant Paul Christ and his two sons, defendant Elridge Christ and plaintiff Nelson Christ, for a stated lease period of ten years. Paul Christ, as lessor, gave his sons the exclusive right to grow rice on over 1,000 acres of land and they, in turn, were to give him 50 per cent of the annual rice yield of said land as rent. Other conditions of the lease are immaterial to our discussion herein. By mutual agreement, the lessees divided the land equally between themselves and each was responsible for farming, and reaped the profits from, his respective share. They operated under that arrangement until the latter part of 1968 when plaintiff, Nelson Christ was involved in a major traffic accident which disabled him from continuing his farming operations.
Plaintiff informed the defendants, his brother and his father, of his disability and ceased to farm for a period of approximately two years. The defendants then entered into a new, verbal lease on a year to year basis whereby Elridge would farm all of the land in question.
In the spring of 1970 plaintiff, considering himself sufficiently recuperated from his injuries, attempted to resume his farming operations under the original written lease but was prevented from doing so by the two defendants. This suit for declaratory judgment to determine his rights, if any, under the written lease, is the result of that dispute.
The plaintiff's position is that the original written lease is still in effect because nothing has occurred which would terminate that lease. In opposition, defendants contend that the written lease was terminated and that a new verbal lease was entered into between them which excluded the plaintiff and under which he has no right to farm any portion of the aforesaid land. The district court rendered a declaratory judgment in favor of defendants, holding that plaintiff had abandoned all of his rights under the contract sued upon.
At trial the plaintiff testified that he, at no time, gave any indication of a desire to rescind the written lease but that instead he merely asked his defendant brother to care for his portion of the leased land until he was well enough to resume his operations thereon. The defendants, on the other hand, testified that the plaintiff told them that he couldn't farm anymore and that he "* * * had to give it up." They both categorically denied that plaintiff had ever given any indication that he intended to resume farming or that he asked them to reserve his rights under the lease until his recovery.
In support of their testimony the defendants point to the facts that plaintiff qualified for Social Security benefits for disability following his accident and that plaintiff sold his brother a tractor which he had recently purchased. They also introduced the testimony of one Lennie Miller, a hired hand who overheard a conversation between plaintiff and his brother in reference to the 1969 crop, in which plaintiff told his brother that his hired hand had quit and that he could no longer farm.
Although he gave no written reasons for his judgment, it is evident that *199 the trial judge accepted the defendants' version of the foregoing conversations over that of plaintiff. He had the opportunity to see and hear the witnesses and his findings of fact may not be disturbed on appeal in the absence of manifest error. We find no such error here and we therefore accept his conclusion.
Contracts of lease need not be written, La.Civil Code Art. 2683, and contracts not required to be in writing can be amended by parol. Huey Lumber & Millwork, Inc. v. Jackson, La.App., 212 So.2d 538; WWOM, Inc. v. Grapes, La.App., 181 So.2d 289. Further, although contracts legally entered into have the effect of law on the parties, they may be abrogated or revoked by the mutual consent of the parties thereto, La.C.C. Arts. 1901, 1945, 2130; Prisock v. Boyd, La.App., 199 So.2d 373. Even a written contract containing a proviso for written notice for cancellation (which proviso the one at bar does not contain) can be cancelled by a subsequent verbal agreement. Tracy v. Biri, 14 La. App. 125, 129 So. 461.
We find the facts of this case to be that the plaintiff, because of his disability, expressed a desire to be relieved of his obligations under the lease contract to the defendants, and that the defendants then agreed to terminate the written lease and entered into a new verbal lease between themselves and excluding the plaintiff. Applying the above stated legal principles to these facts, we have no difficulty in concluding that the original written contract was validly terminated by the mutual consent of all the parties thereto and that consequently plaintiff has no rights under the said contract.
Having reached this conclusion we find it unnecessary to discuss the other points raised by this appeal.
Accordingly the judgment of the trial court is affirmed at appellant's costs.
Affirmed.