366 So.2d 1025 (1978)
Noless J. ARCENEAUX, Jr. and Virginia Lee Arceneaux
v.
Robert J. ADAMS and Evelyn M. Adams.
No. 11339.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
*1026 Stanley L. Perry, Galliano, for petitioners and appellants.
Christopher M. Smith, Golden Meadow, for defendants and appellees.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Plaintiffs, Noless J. Arceneaux and his wife Virginia Lee Arceneaux, appeal from judgment dismissing their claims for damages allegedly resulting from the failure of defendants, Robert Adams and his wife Evelyn, to take title and possession of certain real property pursuant to an executed but unrecorded act of sale with mortgage. The trial court rejected Appellants' demands upon finding that the parties mutually rescinded the transfer by subsequent verbal agreement. The trial court also rejected defendants' reconventional demand to recover certain items of expense allegedly incurred in operating a restaurant situated upon the premises. Since defendants have neither appealed nor answered plaintiffs' appeal, the only issues before us are the claims of Appellants. The pivotal issue presented is whether an unrecorded act of sale with mortgage may be nullified by the parties by a subsequent oral agreement.
For several years prior to August, 1977, Appellants owned and operated a restaurant in a building which contained both the business establishment and Appellants' living quarters. Because of Mr. Arceneaux's ill health, the establishment was put on the market for sale and on August 1, 1977, an act of sale with mortgage was entered into between the Arceneauxs and Adamses pursuant to which defendants purchased the property for $50,000.00 of which amount the sum of $20,000.00 was to be furnished by the purchasers. It was understood the remaining $30,000.00 would be borrowed from a local bank. The instrument was confected before J. J. Erny, Jr., notary public. It provides that the purchaser-mortgagor is required to keep the premises insured in the sum of $30,000.00. Approximately one week prior to signing the agreement, defendants, at the request of Appellants, took possession of the premises and began operating the business which had apparently been closed for some time previously. After signing the agreement, defendants attempted to secure the required insurance but could not do so because of the prohibitive cost of quoted premiums. From this point, the sequence of ensuing events is somewhat confusing.
Defendants testified that upon informing Mrs. Arceneaux of defendants' inability to obtain the insurance required by the act of sale and mortgage (which insurance was insisted upon by the prospective lender), on Friday, August 5, 1977, Mrs. Arceneaux ordered defendants to vacate the premises by the following Monday, August 8, because Mrs. Arceneaux had another buyer for the property. J. J. Erny, Jr., notary public, testified that upon being informed by Mr. Adams of the insurance problem he, Erny, informed plaintiffs that plaintiffs would not get their money; that the sale could not go through under the circumstances; that he recommended the agreement be cancelled; and that he advised against recording the instrument. Erny also testified that plaintiffs thereupon advised him to cancel the transaction following which either Erny or his secretary inscribed the word "void" in large letters upon the face of the instrument.
On September 30, 1977, Appellants filed suit for damages allegedly sustained during defendants' two week operation of the restaurant, including loss of income, depletion of inventory and compensation for the interval allegedly involved in restoring the premises to operating condition. On October 31, 1977, Appellants sold the premises to a third party for the price of $45,000.00. By supplemental petition, plaintiffs requested damages of $5,000.00 for the difference in sale price, and rental for the two week period during which defendants operated the business. Defendants' reconventional demand included a claim for inventory left on the premises and the value of certain alleged improvements.
*1027 The trial court rejected the demands of all parties upon finding a mutual verbal agreement to rescind the transfer. He also concluded in part in reliance upon the testimony of the notary public, Erny, that Erny would not have marked the instrument void unless he had been verbally requested to do so by the vendors named therein. In making the decision, the trial court was also influenced by the fact that Appellants neither attempted to record the act of sale with mortgage nor sought specific performance of the contract. We note, in addition, that although both Appellants testified herein, neither denied having instructed Erny to void the instrument.
It is well settled that factual findings of the trier of fact are entitled to great weight on appeal and, when there is a conflict in testimony, reasonable inferences of credibility and reasonable inferences of fact made and drawn by the trier of fact are not to be disturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Not only do we find no manifest error in the trial court's findings above noted, we note that the record amply supports these conclusions.
In contending that the trial court erred in allowing parol evidence to establish revocation of a contract required by law to be in writing (an act of sale with mortgage of real property), Appellants rely upon Hornsby v. Ray, 327 So.2d 146 (La.App. 3d Cir. 1976); Christ v. Christ, 251 So.2d 197 (La.App. 3d Cir. 1971); WWOM, Inc. v. Grapes, 181 So.2d 289 (La.App. 4th Cir. 1965).
We find the cited authorities distinguishably inapplicable to the case at hand in that each involved a contract not legally required to be in writing. For example, Hornsby, above, involved the question of whether a written lease may be modified verbally. Christ, above, raised the issue of whether a written lease may be rescinded by oral agreement. WWOM, above, concerned the question of whether a written contract for radio advertising time may be changed or altered by subsequent verbal agreement. We hold, therefore, that these authorities are not dispositive of the question of whether a contract legally required to be in writing may be revoked, amended or modified by subsequent parol agreement.
Pertinent herein are the provisions of La. C.C. Article 2275 which provides that every transfer of immovable property must be in writing and La.C.C. Article 2276, which states:
"Article 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since." Our jurisprudence contains some apparent confusion and uncertainty on the question before us. In Salley v. Louviere, 183 La. 92, 162 So. 811 (1935), a suit on rent notes issued pursuant to a written lease, our Supreme Court interpreted Article 2276, above, to mean that although parol evidence timely objected to may not be received to modify, alter or vary the terms of a written instrument, parol evidence is admissible, nevertheless, to establish a subsequent agreement constituting a new contract between the parties, which new agreement has the effect of modifying or revoking an earlier contract. We note in Salley, above, language which appears to limit admissibility of parol evidence to cases involving contracts not required by law to be in writing. Despite such apparently qualifying language, we note instances wherein the Supreme Court, over timely objection, allowed parol evidence to revoke or modify agreements required to be in writing, on the theory that such testimony established a new and subsequent agreement independent of the previous contract. Thus, in Tholl Oil Co. v. Miller, 197 La. 976, 3 So.2d 97 (1941), parol evidence was received to show a subsequent new agreement concerning oil, gas and mineral subleases containing an option to purchase.
In Parlor City Lumber Co. v. Sandel, 186 La. 982, 173 So. 737 (1937), a subsequent parol agreement was admitted to establish an agreement whereby the maker of a collateral mortgage note was absolved of personal *1028 liability in consideration of his agreement not to bid on the mortgaged property at the foreclosure sale.
We note also Investors Homestead Ass'n. v. Anglada, 193 La. 596, 192 So. 69 (1939), which concerned a letter written by a husband and in which mention is made of the rule concerning admissibility of parol evidence to vary or modify a written instrument.
More particularly, we note Torrey v. Simon-Torrey, Inc., 307 So.2d 569 (La.1974) in which the Supreme Court's original opinion appears to overrule the three authorities hereinabove cited, and reaffirm the rule of Salley v. Louviere, above, that a contract required by law to be in writing may not be revoked or modified by subsequent parol agreement. On rehearing, however, the Supreme Court expressly declined to rule on this precise question because it found such a ruling unnecessary to disposition of the case. It follows, we think, that the language in the original opinion in Torrey, above, on the issue of admissibility of parol evidence to modify or revoke an instrument required to be in writing, must be deemed obiter dicta.
In his dissent from the original opinion in Torrey, above, Justice Tate notes:
"I see no reason to overrule these cases, which I believe to represent the better view: The policy of the code articles is designed only to prevent the use of parol evidence to take away title to immovables, or the use of parol evidence to confer title to immovables. It does not include within its compass any arbitrary prohibition of the use of parol evidence to prove independent later agreements, relating to mortgage notes or interest due thereupon."
In this instance the parol evidence tendered was not offered to establish, confer, take away or defeat title to immovable property. Neither was it offered against or beyond any provision of the written instrument concerned. It did not seek to show that the parties had agreed to some price other than the stated consideration or that the parties had originally agreed to some method of payment other than that stipulated in the written instrument. On the contrary, the evidence in question was offered to show a subsequent mutual agreement to cancel the transfer and return the parties to their ante written agreement status. We see no basis in reason, law or public policy which prohibits such a rule.
It is significant also that the parol evidence was not offered to enlarge, restrict or contradict any provision of the original agreement, but merely to show mutual intent to abrogate the entire arrangement. In this regard, our jurisprudence recognizes that contracts may be subsequently modified, abrogated or revoked by mutual consent of the parties. Bruhl v. White, 346 So.2d 734 (La.App. 1st Cir. 1977); Brooks v. Griggs Casing Crews, Inc., 136 So.2d 693 (La.App. 2d Cir. 1961). Having consented to abrogation of the agreement, Appellants are not entitled to damages for an alleged loss resulting from its later sale at a lower price.
Appellants claim $2,500.00 rental value of the premises for defendants' two weeks of occupancy. Plaintiffs' own appraiser fixed the rental value at $910.00 monthly, on which basis plaintiffs would be entitled to $455.00, at most, for this item. The trial court disallowed the claim completely upon finding that the parties intended defendants' early occupancy was to be rent free. We find no error in this factual determination.
Appellants' claim for depletion of inventory was dismissed by the trial court because of a lack of proof of such damages. Appellants submitted an inventory based solely on memory, many items thereon being disputed by defendants or claimed by defendants to have been unusable due to spoilage. We find no error in the disallowance of this item of damages.
Finally, the trial court rejected Appellants' demand for $10,400.00 as the alleged cost of resuming operation of the restaurant after defendants vacated the premises. It suffices to say that the trial court found a total absence of proof to support the claim.
*1029 The judgment of the trial court is affirmed, all costs of this appeal to be paid by plaintiffs-appellants.
Affirmed.