ELLIS, Judge:
Louis H. Faxon, an architect, was retained to draw the plans for a “showcase home” to be built by Albert H. Hart Corporation. Much of the materials and labor were to be furnished free or at cost, so that the home was to be less expensive to build than others similar thereto. Ten per cent of the sales price was to go to the Home Builders and Apartment Association of Greater Baton Rouge.
Mr. Faxon became interested in purchasing the home, and on July 22, 1976, entered into an agreement with Home Builders and William A. Hart, president of the Hart Corporation, who held title as agent for Home Builders to the lot on which the home was to be constructed, whereby Mr. Faxon was to purchase the home for the actual cost of construction plus ten per cent. At that time, it was anticipated by all parties that the total cost of the project, including the cost of the lot, would not be in excess of $150,000.00. The agreement also provided that Hart would be “reimbursed by the Home Builders Association for every cost, direct or indirect, incurred or sustained in connection with this work, excepting only the value of the agent’s own individual services, and his general and office overhead.” In a separate letter, dated May 15, 1976, Mr. Faxon agreed to waive his architectural fee “in the event I should elect to purchase the referenced property.”
*239 When the house was completed, the total cost of the project was found to be $218,-500.00. Mr. Faxon was unable to purchase the property at that price, and backed out of the deal, with the consent of the other parties.
Later the property was sold to a third party for a recited consideration of $250,-000.00. Shortly thereafter, Mr. Faxon filed his suit against Albert H. Hart Corporation for the recovery of his architect’s fee. Later the petition was amended to name Home Builders as a party defendant. After trial on the merits, judgment was rendered in favor of plaintiff and against the Hart Corporation for a portion of the fee, and defendant Albert H. Hart Corporation has appealed.
Mr. Faxon’s architectural contract recited a fee of 10 per cent of the construction cost. In the final accounting, the cost was found to be $178,000.00, and Mr. Faxon sued for a fee of $17,800.00.
Mr. Faxon testified that when he told Mr. Hart that he was not able to buy the house, he also told Mr. Hart that an architectural fee was due on the house, and “when it hits the market, . .. salvage what you can for an architect’s fee for me.” He denied that he said that he was waiving his fee.
Mr. Hart testified that in the above conversation, Mr. Faxon told him that “if I would let him off the deal he said he would forget the architectural fee. And he told me — he further stated when you do sell it, if you do sell it for more or make some money off of it, save something for me for a fee.”
During the trial it was shown that the real selling price of the house was $230,-000.00, and that after paying all costs, including the $178,000.00 cost of construction, there was $712.24 left over for the Hart Corporation. It was further shown that an $11,203.45 item for cabinets was charged twice in the cost ledger, and that the cost of construction should be reduced by that amount.
The trial judge found that the agreement between the parties was that Mr. Faxon would get a fee only if there was money left over after all other costs were paid. He further found that there was $11,915.69 left over, and gave judgment in favor of Mr. Faxon and against the Hart Corporation for that amount.
It seems clear that, when Mr. Faxon elected to purchase the property, his architect’s fee was waived. However, when the contract to purchase was abrogated by the mutual consent of the parties, the election to purchase was also abrogated, and the parties placed back in the same positions which they occupied prior to the execution of the contract to purchase. Article 1901, Civil Code; Arceneaux v. Adams, 366 So.2d 1025 (La.App. 1st Cir. 1978).
It therefore appears that, unless another contract was entered into, Mr. Faxon was entitled to collect his full fee, since his waiver thereof was part of the original, now abrogated, agreement. However, Mr. Faxon testified that he expected to receive no more than the surplus remaining after all other proper costs of construction and of the lot were paid. The trial judge found that this was, in fact, the agreement between the parties, and did not accept Mr. Hart’s testimony that Mr. Faxon had again waived his fee in consideration of being released from the contract. After a careful review of the testimony, we find no manifest error in this determination.
If there was no agreement reached by the parties after the original contract was rescinded by consent, Mr. Faxon would have been entitled to his entire fee. The trial judge did not accept the evidence that Mr. Faxon had again waived his fee, so that Mr. Faxon’s recovery is limited only by his own judicial confession that he is entitled to no more than the surplus.
The judgment appealed from is therefore affirmed, at appellant’s cost.
AFFIRMED.