FRED W. JONES, Jr., Judge.
From an adverse judgment in an action characterized as a “suit for damages for bad faith breach of contract for sale of immovable property,” plaintiffs appeal. We affirm.
The petition filed by plaintiffs contained the following pertinent allegations:
“2.
“That on or about the 27th day of June, 1979, petitioners herein executed a Credit Sale Deed to defendants covering certain property, as is more fully shown by said Credit Sale Deed attached hereto and made a part hereof.
“3.
“That in connection with said Credit Sale Deed, defendants gave a note payable to plaintiffs in the amount of $26,500, which is attached hereto and made a part hereof.
*498 “4.
“That after the above transaction, defendants requested that the property description be revised and that an additional agreement concerning the use of a water well and the use of a thirty foot strip of land be executed.
“5.
“That said agreement was prepared as was another Credit Sale Deed.
“6.
“That petitioners herein, together with the parents of Ruby Nell Davis Thompson, executed said Credit Sale Deed and said agreement, which are attached hereto and made a part hereof.
“7.
“That at that point, defendants refused to execute the agreements and refused to go ahead with the purchase of the property as originally agreed upon.
“8.
“That there was a bad faith breach of contract herein on the part of defendants.
“9.
“That plaintiffs were able to sell the subject property later, but not for the agreed upon consideration of $36,500.00.
“10.
“The property was, in fact, sold for the consideration of $31,000.00 on February 2, 1980, as is more fully shown by a deed attached hereto and made a part hereof.
“11.
“That because of a bad faith breach of contract herein, plaintiffs have sustained the following damages for which they are entitled to recover from defendants, in solido:
Loss on sale price Attorney's fees -- Loss of interest - o o o o o o ooo o o o to to to to CM </></></>
Cost of trips to and from Jonesboro, Louisiana - $ 1,000.00
Long distant telephone calls- $ 100.00
Inconvenience and humiliation - $ 3,000.00
Real Estate Commission— $ 1,860.00"
Articles of the Louisiana Civil Code applicable to the issues raised by this appeal are:
“Art. 2439. The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
“Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent.” “Art. 2456. The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
“Art. 2479. The law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property. Every obstacle which the seller afterwards interposes to prevent the taking of corporal possession by the buyer, is considered as a trespass.”
“Art. 1920. The rule that the obligation to deliver a determinate object is perfect by the mere consent of the parties, and that the obligee is the owner from the time of such contract, is without any exception as respects immovables, not only between the parties, but as to all the world, provided the contract be clothed with the formalities required by law, that it is bona fide, and purports to transfer the ownership of the property.”
“Art. 2266. All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.
“The recording shall have effect from the time when the act is deposited in the *499 proper office, and indorsed by the proper officer.”
According to the allegations of plaintiffs’ petition, the parties to this litigation executed a credit sale of immovable property. Although this instrument was not recorded, under the cited civil code articles the act of sale was completed as between the parties. Thereafter, upon failure of the buyers to perform their obligations the sellers could have sued either to enforce those obligations or to dissolve the sale. Sliman v. McBee, 311 So.2d 248 (La.1975); La.C.C. Arts. 2549(1), 2561.
Of course, if there is an error in the act of sale, in the absence of a mutual agreement to correct the error the injured party may sue to reform the instrument.
There is no authority under our law for a vendor of immovable property, after a completed sale, to transfer the property described in the deed to a third party and then to sue the original vendee for damages.
It is apparent from an examination of the well-pleaded facts contained in plaintiffs’ petition that the law does not afford them any remedy for the particular grievance alleged, i. e., their petition does not state a cause of action. Although defendants did not interpose an exception of no cause of action, that does not preclude us from noticing this defect on our own motion. La.C.C.P. Art. 927. Acting pursuant to that authority, we supply the exception of no cause of action and rule that plaintiffs’ suit should be dismissed on that ground. Since it does not appear that an amended petition would remove this defect, we do not remand to afford an opportunity for plaintiffs to elect this option.
Having disposed of the appeal on this basis, we find it unnecessary to consider whether the trial judge erred in relying upon the questionable rationale of Arceneaux v. Adams, 366 So.2d 1025 (La.App. 1st Cir. 1978) to hold that the parties had orally “canceled” the executed credit deed.
For the reasons stated, we affirm the judgment of the district court dismissing plaintiffs’ suit, at appellants’ cost.
MARVIN, J., concurs and assigns written reasons.