GUIDRY, Judge.
Reginald J. Young filed suit against John Russell Rozas and Amelia Reed Rozas for specific performance of a contract of sale and damages and for recognition of his vendor’s lien. In support of his demand, plaintiff alleged that by an undated and as yet unrecorded cash deed, he had conveyed title to certain immovable property to the defendants but the latter had failed to record said sale and pay the purchase price. By amending and supplemental petition, plaintiff added additional allegations. He alleged that subsequent to the filing of the original petition, First National Bank of Eunice instituted foreclosure proceedings against plaintiff on a promissory note which was secured by a first mortgage on the property which was the subject of the sale in this case. He further alleged that this foreclosure suit was settled when plaintiff sold the property in question to a third person on October 7, 1980 with the Rozas’ consent for the identical price recited in the previous sale to Mr. & Mrs. Rozas. He also specified additional damages alleged to have been caused by the filing of the foreclosure suit by First National Bank.
The trial court found that the defendants had defaulted on their obligation to pay and pursuant to LSA-C.C. Article 1935, awarded interest on the purchase price of the property from May 2,1980, until October 7, 1980, concluding that interest under the cited article constituted the only allowable element of damages. The plaintiff appealed. The defendants neither appealed nor answered the appeal.
Mr. Young contends that the trial court erred in its conclusion that interest was the only element of damages awardable in this case. He asserts that the additional damages incurred as a result of the foreclosure proceedings should have been allowed. He itemizes these damages as follows:
A.Arrearages paid to First National Bank on the mortgage — SIX HUNDRED SEVENTY THREE AND 68/100 ($673.68) DOLLARS. $ 673.68
B. Attorneys fees paid to the foreclosing attorney Kearney Tate — FIVE HUNDRED AND NO/100 ($500.00) DOLLARS. $ 500.00
C. Sheriffs costs in the foreclosure proceedings — TWO HUNDRED TWENTY SEVEN AND 68/100 ($227.68) DOLLARS. $ 227.68
D. Court costs in the foreclosure proceedings — FIFTY TWO AND 25/100 ($52.25) DOLLARS. $ 52.25
E. Attorney fees incurred due to the foreclosure proceedings — TWO HUNDRED AND NO/100 ($200.00) DOLLARS. $ 200.00
F. Embarrassment, inconvenience, and other damages due to the foreclosure proceedings — SIX THOUSAND AND NO/100 ($6000.00) DOLLARS. 86000.00
TOTAL ADDITIONAL DAMAGES 87653.61
The case of Thompson v. Pardue, 401 So.2d 497 (La.App. 2d Cir.1981) involves an almost identical factual situation. The plaintiffs in that suit had executed a credit sale of immovable property and the defendants-vendees refused to record the instrument or pay the purchase price. Thereafter, the vendors transferred the property to a third party but for an amount less than the consideration stipulated in the sale to the first vendees and then sued for damages. The court cited the following articles of the Louisiana Civil Code as applicable:
“Art. 2439. The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
“Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent.” “Art. 2456. The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
“Art. 2479. The law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property. Every obstacle which the seller afterwards interposes to pre *1322 vent the taking of corporal possession by the buyer, is considered as a trespass.” “Art. 1920. ' The rule that the obligation to deliver a determinate object is' perfect by the mere consent of the parties, and that the obligee is the owner from the time of such contract, is without any exception as respects immovables, not only between the parties, but as to all the world, provided the contract be clothed with the formalities required by law, that it is bona fide, and purports to transfer the ownership of the property.”
“Art. 2266. All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.
“The recording shall have effect from the time when the act is deposited in the proper office, and indorsed by the proper officer.”
In affirming the judgment of the district court dismissing plaintiff’s suit, the Second Circuit stated:
“According to the allegations of plaintiffs’ petition, the parties to this litigation executed a credit sale of immovable property. Although this instrument was not recorded, under the cited civil code articles the act of sale was completed as between the parties. Thereafter, upon failure of the buyers to perform their obligations the sellers could have sued either to enforce those obligations or to dissolve the sale. Sliman v. McBee, 311 So.2d 248 (La.1975); La.C.C. Arts. 2549(1), 2561.
There is no authority under our law for a vendor of immovable property, after a completed sale, to transfer the property described in the deed to a third party and then to sue the original vendee for damages.”
Thompson v. Pardue, supra, at page 499.
We think the decision of the Second Circuit is correct, apposite, and dispositive of the issue presented on appeal.
The plaintiff in this case relies on LSA-C.C. Article 2555 which provides:

“The purchaser, who neglects to obtain delivery of the thing sold, after having been put in default, is answerable to the vendor for damage which he may sustain on that account, and for reimbursement of the expense which may have been incurred for the preservation of the thing. ”

This article has been cited by the Louisiana courts in support of the vendor’s right to resell movable property to a third person and sue for the difference between the price obtained on resale and the contract price, where the vendee has breached the contract of sale by a refusal or failure to accept delivery. However, under Louisiana Civil Code Articles 1920 and 2479, quoted above, tradition or delivery of immovables always accompanies the public act which transfers the property. Therefore there can be no breach on the part of the vendee for failure to accept delivery of immovable property and no right of resale in the vendor.
Like our brethren of the Second Circuit, we conclude that our law does not afford a vendor of immovable property, a remedy of damages against his original vendee in a completed sale when the former ignores the first sale and transfers the property described in the deed to a third party. We therefore conclude that plaintiffs are not entitled to the damages which they claim were all incurred as a result of the foreclosure proceedings. Because the defendants failed to appeal the judgment of the trial court, it is final and, therefore, it is unnecessary that we consider correctness of the judgment of the district court insofar as it awards plaintiffs interest on the purchase price of the property from May 2,1980 until October 7, 1980.
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.